Affirmed and Opinion filed January 16, 2003















Affirmed and
Opinion filed January 16, 2003.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-01-01193-CR

_______________

 

PHOENIX A. MOSTILLER,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

________________________________________________

 

On Appeal from 232nd District Court

Harris County, Texas

Trial Court Cause No. 872,077

________________________________________________

 

M E M O R A N D U M   O P I N I O
N

            Appellant Phoenix Mostiller was convicted by a jury for the crime of
aggravated robbery.  In four points of
error, appellant contends: (1) the trial court erred by admitting extraneous
offense evidence because the State’s notice was fatally deficient; (2) the
trial court erred in allowing the complaining witness to testify a second time
after he was released from “the rule,” and heard other witness testimony; (3)
the evidence is legally insufficient to support conviction; and (4) the
evidence is factually insufficient to support conviction.  Finding no merit in appellant’s points of
error, we affirm the judgment of the trial court.




Facts

            Appellant
was the front passenger in a car driven by her friend, Sarah Hernandez.  Complainant, Gerald Green, was walking
alongside the street when Hernandez slowly approached him in her car.  Appellant pointed a gun at Green and ordered
him to give her all of his property and get into the car.  Green entered the car after giving appellant
his watch, ring, and wallet.  Hernandez
drove away and told Green that they were going to take him somewhere and kill
him.  Fearing for his life, Green
distracted appellant and struck her in the face.  A struggle ensued and appellant shot Green in
the leg.  Green finally disarmed
appellant and forced her to let him out of the car.  Houston Police Department Sergeant Jay Jansen
and Officer Siro Olivares, Jr., were nearby and
noticed the car stopped at an intersection for an unusually long time.  Jansen could see three people inside the car
and heard both male and female voices screaming.  Olivares noticed the car rocking, as if a
struggle was in progress.  Both officers
heard a gunshot from inside the car and saw Green stumble out of the rear
passenger’s side of the car.  He was
holding a gun and walking with a limp. 
Olivares went to help Green. 
Jensen and other officers chased Hernandez when she drove away.  After stopping Hernandez, officers searched
the car and found a black leather jacket containing pill bottles, Green’s
wallet, and a watch.  They identified
Green’s name on some papers in the jacket.

Extraneous
Offenses

            In her
first issue, appellant complains that the following extraneous evidence was
improperly admitted: (1) pill bottles police found inside the car; and (2)
testimony that appellant and Hernandez drank alcohol and used drugs earlier in
the evening. Appellant contends the trial court erred in admitting the above
evidence during guilt/innocence because the State’s notice was fatally
deficient.  Specifically, appellant
argues that under article 37.07, section 3(g) of the Texas Code of Criminal Procedure,
the State’s notice must include the victim’s name and county where the
extraneous offense occurred.  Tex. Code Crim.
Proc. Ann. art. 37.07, § 3(g).  

            We review a trial court’s ruling on
admissibility of evidence under an abuse of discretion standard.  Weatherred v. State,
15 S.W.3d 540, 542 (Tex. Crim. App. 2000). 
Accordingly, we will affirm the trial court’s decision if it is within
“the zone of reasonable disagreement.”  Salazar v. State, 38 S.W.3d 141, 153–54
(Tex. Crim. App. 2001). 
Similar to Rule of Evidence 404(b), section 3(g) of article 37.07
addresses the admissibility of extraneous offense evidence.  Article 37.07 provides, in part, that upon a
finding of guilt, evidence may be offered by either party as to any matter the
trial court deems relevant to “sentencing, and the evidence is not limited to
the prior criminal record of the defendant.” 
Tex. Code Crim.
Proc. Ann. art. 37.07, § 3(a). 
Such extraneous offense evidence is admissible if the State gives timely
notice of its intent to use that evidence in the punishment phase of trial.  Tex.
Code Crim. Proc. Ann. art. 37.07, § 3(g).  “The Legislature’s enactment of article
37.07, section (g), limits the trial court’s discretion to admit evidence of
extraneous offenses at the punishment phase.” 
Roethel v. State, 80 S.W.3d 276, 280 (Tex.
App.—Austin 2002, no pet.).  

            Appellant’s argument fails for two
reasons.  First, appellant failed to
object on article 37.07, section 3(g) grounds at trial.  She raises this point for the first time on
appeal.  At trial, appellant objected solely
on Rule of Evidence 404(b) grounds.  In
order to preserve an issue for appeal, the trial court must have been given the
opportunity to rule on the same complaint below, and appellant did not preserve
error by failing to specifically object on article 37.07, section 3(g)
grounds.  See Trevino v. State, 991 S.W.2d 849, 854–55 (Tex. Crim. App. 1999). 
Second, article 37.07, section 3(g), only applies to an offer of
extraneous offense evidence during the punishment phase of trial.  Tex.
Code Crim. Proc. Ann. art. 37.07, § 3(g)
(entitled “Evidence of prior criminal record in all criminal cases after a
finding of guilty.”)  Appellant is
complaining about evidence offered during guilt/innocence.  Accordingly, we overrule appellant’s first
point of error.  




Violation
of Rule 614

            In her second point of error,
appellant contends that the trial court erred by allowing the State to recall
Green for additional testimony.  Green
was placed under “the rule.”[1]  He testified and was released from “the
rule.”  After giving his testimony, Green
was allowed to sit in the courtroom, where he overheard testimony of other
witnesses.  Later, the court allowed the
State to recall Green.

            First, we note that violation of
“the rule” by a witness does not, without more, constitute error.  Archer
v. State, 703 S.W.2d 664, 666 (Tex. Crim. App.
1986).  However, the court commits error
when the questioned testimony is admitted and the complaining party is
harmed.  Guerra v. State, 771 S.W.2d 453, 474–75 (Tex. Crim.
App. 1988).  Injury or prejudice to a
party occurs when: (a) the witness conferred with or heard testimony of another
witness; and (b) the witness’s testimony contradicts the testimony of another
witness that supports the opposing side or corroborates the testimony of
another witness.  Choice v. State, 883 S.W.2d 325, 327 (Tex. App.—Tyler 1994, no
pet.).  In the present case, appellant
alleges no harm from  admission of the
testimony.  We note that Green stated
nothing new when he testified the second time. 
Moreover, Green did not contradict the testimony of other witnesses when
he was recalled.

 class=Section2>

            His testimony was limited to a
description of his medical treatment and identification of appellant.  Accordingly, we find the error, if any, in
allowing the State to recall Green is harmless. 
Additionally, appellant failed to renew her objection to Green being
recalled and thus waived appellate review on the issue.  When the State recalled Green the first time,
appellant objected.  The judge overruled
the objection.  However, the State then
called other witnesses to the stand. 
After the last witness finished his testimony, the State recalled Green
again.  Appellant’s counsel voiced no
objection.  In order to preserve error,
the objecting party must continue to object each time the objectionable
evidence is offered.  Fuentes v. State, 991 S.W.2d 267, 273
(Tex. Crim. App. 1999); see also Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). 
Appellant’s second point of error is overruled.  

Legal and
Factual Sufficiency

            In appellant’s third point of error,
she contends the evidence is legally insufficient to support conviction for
aggravated robbery.  In reviewing legal
sufficiency of evidence, we review all the evidence in the light most favorable
to the verdict in order to determine whether any rational trier
of fact could have found the elements of the crime beyond a reasonable
doubt.  Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim.
App. 2000) (citing Jackson v. Virginia,
443 U.S. 307, 319
(1979)).  The standard is the same for both
direct and circumstantial evidence.  King v. State, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995). 
The jury as trier of fact is entitled to
resolve any conflicts in the evidence, to evaluate the credibility of the
witnesses, and to determine the weight to be given any particular
evidence.  Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). 
The jury is free to accept or reject any or all of the evidence
presented by any party, and the jury may also draw reasonable inferences and
make reasonable deductions from the evidence. 
Benavides v. State, 763 S.W.2d
587, 588–89 (Tex. App.—Corpus Christi 1988, pet. ref’d).  Our duty is not to weigh the evidence again,
after reading a cold record, but to act as a due-process safeguard, ensuring
only the rationality of the factfinder.  Barnes
v. State, 62 S.W.3d 288, 298 (Tex. App.—Austin 2001, pet. ref’d).  The jury’s
verdict may not be overturned unless it is irrational or unsupported by proof
beyond a reasonable doubt.  Id.  Thus, if there is evidence that establishes
guilt beyond a reasonable doubt and if the jury believes the evidence, we are
not in a position to reverse the judgment for insufficient evidence.  See
Jackson, 443 U.S. at 319.

            Appellant is guilty of aggravated
robbery if, in the course of committing theft, she: (1) threatened Green or
placed him in fear of imminent bodily injury or death; and (2) used or
exhibited a deadly weapon, namely, a firearm. 
See Tex. Pen. Code Ann. § 29.02 & 29.03 (Vernon Supp.
2001).  Appellant asserts that Green provided
the only testimony supporting the State’s contention that appellant intended to
obtain and maintain control over Green’s property or that appellant fired the
gun.  Appellant does not acknowledge that
the jury is free to accept or reject any or all evidence presented by any
party.  Benavides, 763 S.W.2d 588–89. 
Essentially, appellant is requesting that this court weigh the evidence
and compare witness testimony. 
Appellant’s argument is repugnant to our standard of review for legal
sufficiency.  We must review all of the
evidence in the light most favorable to the prosecution.  Jackson,
443 U.S. at
319.  Accordingly, we overrule
appellant’s third point of error.  

            In her fourth point of error,
appellant contends the evidence is factually insufficient to sustain the
conviction.  Our review of the factual
sufficiency begins with the presumption that the evidence is legally sufficient
to support the judgment.  Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996).  In
such a review, we consider the evidence without employing the prism of “in the
light most favorable to the verdict.”  Id. at
129.  Evidence is factually insufficient
if it is so weak as to be clearly wrong and manifestly unjust or the adverse
finding is against the great weight and preponderance of the available
evidence.  Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). 
Thus, in conducting a factual sufficiency review of the elements of a
criminal conviction, we ask whether a neutral review, 

 class=Section3>

both
for or against the finding, demonstrates that the proof of guilt is so
obviously weak as to undermine confidence in the jury’s determination.  Id.  Further, in conducting our analysis, we
recognize that the jury is the sole judge of the weight and credibility of the
testimony and we should not substitute our judgment for that of the
jury’s.  See Santellan v. State, 939 S.W.2d 155,
164 (Tex. Crim. App. 1997).  In a factual sufficiency analysis, we defer
to the jury’s findings.  Cain v. State, 958 S.W.2d 404, 407 (Tex.
Crim. App. 1997).  Under this standard, a decision is not
manifestly unjust merely because the jury resolved conflicting evidence in the
State’s favor.  Id. at 410.

            Appellant contends the evidence is
factually insufficient for four reasons. 
She claims that only Green gave testimony that: (1) appellant pointed a
gun at Green; (2) Green hit appellant in the face; (3) the car was stopped for
an extended period of time; and (4) appellant fired the gun.  Even if Green were the only witness who
testified to the above facts, appellant’s argument fails because the jury is
the ultimate judge of witness credibility. 
Santellan, 939 S.W.2d at 164.  Apparently, the jury found Green’s testimony
to be credible.  The evidence is not
rendered factually insufficient because the jury resolved the facts in favor of
the State.  Cain, 958 S.W.2d 410. 
Further, Officer Jansen testified that he could hear screams inside the
car, and Officer Olivares testified that he could see the car rocking.  The jury believed that a struggle occurred
and their conclusion is not contrary to the great weight and preponderance of
the evidence.  Accordingly, we overrule
appellant’s fourth point of error and affirm the judgment of the trial court.

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed January 16, 2003.

Panel
consists of Justices Edelman, Seymore and Guzman.

Do Not
Publish — Tex. R. App. P.
47.2(b).

 

 











            [1]  At the request of a party, the court shall
order witnesses excluded so that they cannot hear the testimony of other
witnesses, and it may make the order on its own motion.  This rule does not authorize exclusion of (1)
a party who is a natural person; or (2) an officer or employee of a defendant
which is not a natural person designated as its representative by its attorney;
or (3) a person whose presence is shown by a party to be essential to the
presentation of his cause; or (4) the victim, unless the victim is to testify
and the court determines that the victim’s testimony would be materially
affected if the victim hears other testimony at the trial.  Tex.
R. Evid. 614.