**Ex parte Billy Ray CLORE.**

**No. 69180.**

Court of Criminal Appeals of Texas, En Banc.

May 8, 1985.

Rehearing Denied June 26, 1985.

Jack B. Zimmermann, Clinard J. Hanby, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Patricia Saum, Dick Bax and R.K. Hansen, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

### OPINION

CAMPBELL, Judge.

This is an original application for writ of habeas corpus, See Art. V, Sec. 5, Texas Constitution.

Applicant was found guilty by a jury for the offense of attempted murder. On July 18, 1983 the jury assessed punishment at three years confinement in the Texas Department of Corrections and recommended that the sentence be probated. The judge reset the cause for thirty-one days, until August 12, 1983, to assess punishment. On August 12, 1983, judgment and sentence were signed and entered of record placing applicant on probation. Among the conditions of probation assessed upon the applicant was incarceration in the Harris County jail for a period of thirty days. Applicant contends the trial judge had no authority to impose, as a condition of his probation pursuant to Art. 42.12, V.A.C. C.P., incarceration in the county jail for a period of thirty days. Because we find that applicant has intentionally by-passed orderly appellate procedures, we will dismiss the writ of habeas corpus without reaching the merits of applicant's contention.

In his application for writ of habeas corpus applicant alleged he was "sentenced" on July 18, 1983, and that time for filing notice of appeal had passed by August 12, when the judge assessed the "offending" condition of probation. Applicant is incorrect for two reasons. First, the record clearly indicates that the sentence was not pronounced until August 12, which is the date judgment and sentence were signed and entered; thus applicant had at least fifteen days from August 12 to file notice of appeal. Art. 44.08, V.A.C.C.P. He instead immediately on August 12, filed this original application for writ of habeas corpus.

Second, assuming arguendo that applicant was "sentenced" on July 18, only twenty-seven days had elapsed by the August 12th hearing when the condition of probation was imposed. Thus, if applicant found the conditions to be improper, his remedy at that time was to file a motion for new trial and if such was overruled, he would give timely notice of appeal. See Art. 40.01, et seq. V.A.C.C.P. Invocation of this Court's extraordinary writ authority was inappropriate at that time.

Habeas corpus should not be used as a substitute for an appeal. See *Ex parte McGowen,* 645 S.W.2d 286 (Tex.Cr. App.1983); *Mixon v. State,* 365 S.W.2d 364 (Tex.Cr.App.1963). Applicant's appropriate remedy to challenge the conditions of probation is by appeal. See *Morales v. State,* 541 S.W.2d 443 (Tex.Cr.App.1976); *Flores v. State,* 513 S.W.2d 66 (Tex.Cr.App.1974).

We find that applicant has intentionally by-passed the appellate process available to him and as such, invocation of this Court's extraordinary writ authority is not appropriate. The application for writ of habeas corpus will be dismissed.

IT IS SO ORDERED.

TEAGUE, J., concurs in result.