**Morris Lawrence GARRETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–86–059 CR.**

Court of Appeals of Texas, Beaumont.

Nov. 19, 1986.

W.E. Harper, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

BURGESS, Justice.

Morris Lawrence Garrett was indicted pursuant to *TEX. PENAL CODE ANN. sec. 47.03(a)(1)* (Vernon Supp. 1986).[1] Garrett pleaded guilty and on December 16, 1985, the trial judge entered an order of deferred adjudication placing Garrett on probation for four years. On February 5, 1986, Garrett filed an application for writ of habeas corpus alleging the statute was unconstitutional and the indictment was fundamentally defective. The trial court overruled the application and this appeal followed.

■ The state poses the initial question of whether habeas corpus lies in this instance. They urge it does not since there is no appeal from an order granting deferred adjudication and the proper remedy

is to move for an adjudication of guilt. *McDougal v. State,* 610 S.W.2d 509 (Tex. Crim.App.1981). While this exact question has not been addressed by our Court of Criminal Appeals, they have allowed writs of habeas corpus to test the constitutionality of statutes. *Ex Parte Crisp* 661 S.W.2d 944 (Tex.Crim.App.1983); *Ex Parte Matthews,* 488 S.W.2d 434 (Tex.Crim.App.1973). *Cf. Ex Parte Clore,* 690 S.W.2d 899 (Tex. Crim.App.1985) (Court's extraordinary writ power uninvokable while defendant could have appealed). Thus, we will consider appellant's ground of error testing the constitutionality of the statute, but decline to determine the grounds of error attacking the validity of the indictment. To decide the latter would, in effect, abrogate the rule prohibiting pretrial appellate consideration of alleged defects in charging instruments. *See Ex Parte Mattox,* 683 S.W.2d 93 (Tex.App.—Austin 1984, pet. ref'd).

■ Appellant cites as authority, on the unconstitutionality issue, many cases for the general proposition that a penal statute must not be so vague and uncertain as to be incapable of being understood. Stated another way, a penal statute must be sufficiently definite so that it may be understood and applied. Appellant urges that *Adley v. State,* 718 S.W.2d 682 (Tex. Crim. App.1985), holding *TEX. PENAL CODE ANN. sec. 47.03 (a)(2)* (Vernon Supp. 1986) unconstitutional should be persuasive because *sec. 47.03 (a)(1)* is no more certain. Unfortunately, appellant goes no further in enlightening this court why *sec. 47.03(a)(1)* is vague. Nor does appellant challenge any specific words in the statute.

We have, nevertheless, engaged in countless "devil's advocate" discussions attempting to find some manner by which a person of ordinary intelligence could be misled by the statute. Despite that, the challenged statute remains sound. Its words are clear, specific, and easily understandable

---

1. The indictment, in pertinent part stated: "... did then and there intentionally and knowingly operate and participate in the earnings of a gambling place, to-wit: a room located at 2896 Concord Road, Apartment E., Beaumont, Jeffer- son County, Texas, AND ... did then and there intentionally and knowingly operate a gambling place, namely: a room located at 2896 Concord Road, Apartment E., Beaumont, Jefferson County, Texas."

**482**

by a person of ordinary intelligence. *Floyd v. State,* 575 S.W.2d 21 (Tex. Crim. App.1978), *appeal dism'd,* 442 U.S. 907, 99 S.Ct. 2817, 61 L.Ed. 2d 272 (1979). We decline to hold the statute unconstitutional. All grounds of error are overruled. The judgment of the trial court denying the application for writ of habeas corpus is affirmed.

AFFIRMED.