**Ex parte Walter McCULLOUGH, Jr.**

**No. 05-96-01138-CR.**

Court of Appeals of Texas, Dallas.

Jan. 31, 1997.

Rehearing Overruled March 7, 1997.

Michael Gray, Dallas, for Appellant.

Sue Korioth, Assistant District Attorney, Dallas, for State.

Before THOMAS, C.J., and MALONEY and HANKINSON, JJ.

## OPINION

MALONEY, Justice.

Walter McCullough, Jr. appeals the trial court's denial of the relief requested in his application for writ of habeas corpus. In three points of error, appellant contends the trial court erred in concluding that (1) appellant received effective assistance of counsel at trial; (2) appellant's plea of "no contest" was voluntary; and (3) a higher standard for "Board Certified lawyers in criminal law" did not apply to appellant's ineffective assistance of counsel claim. We dismiss this appeal for want of jurisdiction.

## BACKGROUND

The grand jury indicted appellant for aggravated sexual assault. Appellant and the State reached a plea bargain agreement. Appellant agreed to plead nolo contendere to aggravated sexual assault in exchange for the prosecutor's recommending that the trial court defer finding appellant guilty and place appellant on community supervision for five years. The trial court followed the plea agreement.

Three months after the trial court placed appellant on community supervision, he filed an application for writ of habeas corpus with the trial court. In the application, appellant alleged (1) his trial counsel was ineffective, (2) his trial counsel coerced him into agreeing to the State's offer of a plea bargain, and (3) his trial counsel's actions rendered his "no contest" plea involuntary. The trial court referred the application to a magistrate. The magistrate held a hearing on appellant's application. At the hearing, appellant presented testimony from seven witnesses. The magistrate made findings and conclusions. The magistrate then recommended that the trial court deny the relief requested. The court, after reviewing the magistrate's findings and conclusions, denied the relief requested in appellant's application for writ of habeas corpus. This appeal followed.

## JURISDICTION

In three points of error, appellant contends the trial court erred in concluding that (1) appellant was not denied effective assistance

of counsel, (2) appellant voluntarily and knowingly entered his plea of "no contest," and (3) a higher standard did not apply to counsel's actions in this case. Appellant complains about the conduct of his counsel during the plea negotiations as well as the voluntariness of his plea.

### 1. Applicable Law

■ As a general rule, an appellate court may consider appeals by criminal defendants only after conviction. *See Workman v. State,* 170 Tex.Crim. 621, 343 S.W.2d 446, 447 (1961); *McKown v. State,* 915 S.W.2d 160, 161 (Tex.App.—Fort Worth 1996, no pet.). Intermediate appellate courts have no jurisdiction to review interlocutory orders absent express authority. *Ex parte Apolinar v. State,* 820 S.W.2d 792, 794 (Tex. Crim.App.1991); *McKown,* 915 S.W.2d at 161. Narrow exceptions exist to this general rule. Defendants need not be convicted to appeal the trial court's:

(1) rulings on pretrial motions (while on unadjudicated community supervision), *see Dillehey v. State,* 815 S.W.2d 623, 626 (Tex.Crim.App.1991);

(2) denial of a motion to reduce bond, *see* Tex.R.App.P. 44(a);

(3) denial of habeas corpus relief in extradition cases, *see McPherson v. State,* 752 S.W.2d 178, 179 (Tex.App.—San Antonio 1988, pet. ref'd, untimely filed); and

(4) denial of pretrial applications for writs of habeas corpus alleging double jeopardy. *See Ex parte Robinson,* 641

S.W.2d 552, 555 (Tex.Crim.App. [Panel Op.] 1982).[1]

### 2. Application of Law to Facts

■ Appellant has not been adjudicated guilty and is currently on community supervision. Because appellant has not been convicted, the trial court has issued only interlocutory orders.[2]

Appellant relies on *Ex parte Hargett,* 819 S.W.2d 866 (Tex.Crim.App.1991), as support for his contention that we have jurisdiction over this appeal. Appellant misplaces his reliance. Hargett brought a *postconviction* writ of habeas corpus. Here, appellant has never been convicted. Instead, he seeks appellate review of the trial court's denial of habeas relief on the merits without ever having been found guilty of a criminal offense.

■ Appellant cites us to no authority, statutory or constitutional, vesting this Court with general jurisdiction to review a trial court's denial of relief on the merits of a *preconviction* writ of habeas corpus.[3] Here, appellant does not complain of the trial court's ruling on pretrial motions, failure to reduce bond, or denial of relief in an extradition or a jeopardy case.[4] We know of no basis that would authorize this Court to review appellant's *preconviction* complaints. Accordingly, we conclude we have no jurisdiction over this appeal.

We dismiss this appeal for want of jurisdiction.

---

1. We are aware that two other intermediate appellate courts have asserted jurisdiction over habeas appeals while the applicants were on preconviction community supervision. *See Ex parte Spicuzza,* 903 S.W.2d 381 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd) (considering complaint by unadjudicated defendant on community supervision that trial court erred in not specifically enforcing plea agreement); *Garrett v. State,* 721 S.W.2d 480 (Tex.App.—Beaumont 1986, no pet.) (asserting jurisdiction over complaint regarding statute's constitutionality by unadjudicated defendant on community supervision).

2. We characterize the trial court's orders as "interlocutory" because there has been no final conviction in this case.

3. Although appellant also cites us to three other cases in his brief, *see Ex parte Ormsby,* 676 S.W.2d 130 (Tex.Crim.App.1984); *Ex parte Bain,* 568 S.W.2d 356 (Tex.Crim.App.1978); *Ex parte Snodgrass,* 43 Tex.Crim. 359, 65 S.W. 1061 (1901), like *Hargett,* none of these cases involved appeals from the denial of habeas relief by unadjudicated defendants on community supervision. Thus, they are not controlling.

4. We also note appellant does not complain of (1) the trial court's failure to enforce a plea bargain or (2) a statute's constitutionality. Assuming without deciding this Court would follow the reasoning of *Spicuzza* and *Garrett,* it would not change or affect this opinion.