**Ex parte Walter McCULLOUGH, Jr., Appellant.**

No. 501–97.

Court of Criminal Appeals of Texas, En Banc.

April 15, 1998.

Douglas W. Skemp, Dallas, for appellant.

April E. Smith, Assistant District Attorney, Dallas, Matthew Paul, State's Atty., Austin, for State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

Appellant was indicted for aggravated sexual assault. Pursuant to a plea agreement, Appellant pleaded nolo contendere, and the State recommended that the trial court defer finding Appellant guilty and place Appellant on community supervision for five years. The trial court followed the recommendation. Appellant did not appeal from the order placing him on deferred adjudication community supervision. See *Dillehey v. State*, 815 S.W.2d 623 (Tex.Cr.App.1991)(defendant may appeal from order deferring adjudication of guilt). Three months later, while still under community supervision, Appellant filed an application for writ of habeas corpus in the trial court. Appellant claimed he received ineffective assistance of counsel, counsel coerced him into accepting the plea agreement, and counsel's actions rendered his plea involuntary. After a hearing conducted by a magistrate, the court denied the relief requested, and Appellant appealed.

On appeal, Appellant contended the trial court erred in concluding that Appellant did not receive ineffective assistance of counsel and that Appellant's plea was voluntarily and knowingly entered. The Fifth Court of Appeals observed that appellate courts lack jurisdiction to review interlocutory orders with exceptions such as rulings on pretrial motions after being placed on community supervision without an adjudication of guilt, denial of a motion to reduce bond, denial of habeas corpus relief in extradition cases, and denial of pretrial applications for writ of habeas corpus alleging double jeopardy. *Ex parte McCullough*, 958 S.W.2d 410, 412 (Tex. App.—Dallas 1997). The Court of Appeals stated that because Appellant had not been convicted, the trial court's orders were interlocutory. *Id.* at 412. The Court of Appeals concluded that it lacked jurisdiction to review Appellant's preconviction application for writ of habeas corpus and it lacked jurisdiction over the appeal. *Ibid.* Consequently, the Court of Appeals dismissed the appeal for lack of jurisdiction. *Id.* at 412. We granted Appellant's petition for discretionary review

to determine whether the Court of Appeals erred in holding that a person on deferred adjudication cannot appeal a trial court's denial of habeas corpus relief because it is interlocutory.

Although we have never specifically addressed this issue, we have granted relief to applicants on probation without an adjudication of guilt, pursuant to our original habeas corpus jurisdiction. See *Ex parte Gingell*, 842 S.W.2d 284 (Tex.Cr.App.1992) (setting aside a condition of probation as unreasonable); *Ex parte Shillings*, 641 S.W.2d 538 (Tex.Cr.App.1982) (same).

■ Challenges to final felony convictions in which the death penalty is not assessed must be made under Article 11.07, V.A.C.C.P. *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex.Cr.App.1991). Other claims of illegal restraint may be brought under Tex. Const. Art. V, § 8. *Ex parte Hargett*, 819 S.W.2d 866, 867 (Tex.Cr.App. 1991). The denial of relief may be appealed. *Id.* at 868; *Ex parte Trillo*, 540 S.W.2d 728, 732 n. 5 (Tex.Cr.App.1976).

■ The Court of Appeals' holding, and much of the State's argument in this Court, focused on the basis of the claims made in Appellant's application for writ of habeas corpus. The Court of Appeals concluded that because Appellant did not raise certain grounds as the basis for relief, the Court of Appeals lacked jurisdiction on appeal.

The Court of Appeals and the State have confused cognizability with jurisdiction. Certain claims may not be cognizable on habeas corpus, i.e., they may not be proper grounds for habeas corpus relief. However, if the district court denies relief, regardless of the underlying claims for the relief sought, the applicant may appeal. Cf. *Hargett*, 819 S.W.2d at 868–69; *Trillo*, 540 S.W.2d at 732 n. 5. In the present case, the district court denied the relief sought. Appellant properly appealed. The Court of Appeals had jurisdiction. *Hargett*, 819 S.W.2d at 868–69; *Trillo*, 540 S.W.2d at 732 n. 5. Whether Appellant's grounds for relief are cognizable is another matter.

■ The State further argues that since a defendant may appeal from an order deferring adjudication of guilt under *Dillehey*, the issues raised in Appellant's writ application could have been appealed. The State points out that those claims still could be raised on appeal after adjudication.

The fact that Appellant could have appealed under *Dillehey*, but did not, does not affect jurisdiction. That might be an argument for deciding against Appellant on the merits, based on forfeiture or intentional bypass due to the failure to appeal and raise the claims, but it does not defeat jurisdiction. In *Ex parte Clore*, 690 S.W.2d 899 (Tex.Cr. App.1985), the applicant filed an original application for writ of habeas corpus in this Court invoking this Court's constitutional writ authority. Because the applicant sought habeas corpus relief during the time in which he could have appealed, but did not, we concluded that he intentionally bypassed the appellate process and that the invocation of this Court's extraordinary writ authority was not appropriate. *Id.* at 900. Consequently, we dismissed the application. *Ibid.*

■ In *Clore* we declined to exercise our original habeas corpus jurisdiction, just as a district court might do in declining to issue the writ of habeas corpus. There is no appeal from a refusal to issue the writ of habeas corpus. *Hargett*, 819 S.W.2d at 868. However, as we have already stated, if the district court grants the writ, but subsequently denies relief, the applicant has the right to appeal. *Id.* at 868–69; *Trillo* 540 S.W.2d at 732 n. 5. An appeal invokes the jurisdiction of the appellate court. *Hargett*, 819 S.W.2d at 868–69.

■ The ability to appeal in the future, in the event Appellant's guilt is ever adjudicated, does not affect jurisdiction. In the pretrial habeas corpus context, only certain claims are cognizable, because of the ability to appeal trial errors in the event of a conviction. See G. Dix & R. Dawson, *Criminal Practice and Procedure* § 47.61 (Texas Practice 1995). Again, that concerns cognizability, rather than jurisdiction. Moreover, if Appellant's guilt is never adjudicated, his liberty still will have been restrained while he was under community supervision.

■ Appellant's liberty is restrained under the order that deferred adjudication of guilt and placed Appellant on community supervision. See Article 11.01, V.A.C.C.P. The trial court denied relief, so Appellant could appeal, and the Court of Appeals had jurisdiction. *Hargett,* 819 S.W.2d at 868–69; *Trillo,* 540 S.W.2d at 732 n. 5.[1]

We vacate the Court of Appeals' judgment and remand this case to that court for consideration of Appellant's points of error.

---

1. Although we are not called upon to decide whether Appellant's claims were proper ones for habeas corpus relief, we observe that, generally, claims about ineffective assistance of counsel and involuntariness of a plea are cognizable on habeas corpus. See, e.g., *Ex parte Welborn,* 785 S.W.2d 391 (Tex.Cr.App.1990); *Ex parte Wilson,* 716 S.W.2d 953 (Tex.Cr.App.1986).