In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-478 CR


____________________



EX PARTE JOEL EDWARD FAULKNER






On Appeal from the 253rd District Court 


Liberty County, Texas


Trial Cause No. 25,026-A






MEMORANDUM OPINION


 Joel Edward Faulkner appeals an order by the trial court denying his application for
writ of habeas corpus filed pursuant to Texas Code Criminal Procedure article 11.072. (1) The
trial court denied Faulkner's petition without conducting an evidentiary hearing. Although
the basis for relief in his petition is ineffective assistance of trial counsel, Faulkner's lone
appellate issue complains of the trial court's denial of his request for an evidentiary hearing. 
The State initially responds that we have no jurisdiction as the refusal to hold a hearing on
a habeas corpus application is not an appealable matter. From the authority it cites, the State
appears to have misplaced the posture of this appeal. While it is true that the record contains
a written order by the trial court denying Faulkner's request for an evidentiary hearing, that
is not the order from which Faulkner appeals. However, the state of the record does require
that we address another jurisdictional matter.

 In Ex Parte Nunes, No. PD-0974-05, 2006 WL 1171163 (Tex. Crim. App. May 3,
2006) (not designated for publication), (2) the applicant sought relief under article 11.072 from
a misdemeanor conviction for which he was assessed community supervision. Nunes, 2006
WL 1171163, at *1-*2. The defendant based his application for relief on ineffective
assistance of his trial counsel. Id. at *2. The trial court adopted numerous proposed findings
of fact and conclusions of law submitted by the State and ultimately found no deficient
performance by the defendant's trial counsel. Id. The habeas record also included a letter
from the trial judge to the parties, stating: "Defendant's Writ of Habeas Corpus came on to
be heard the 7th day of March, 2005. After considering the motions, affidavits, and evidence
submitted, the court is of the opinion the Writ should be denied." Id. at *3. However,
apparently following the procedures set out in article 11.07 of the Texas Code of Criminal
Procedure, the convicting court signed an order recommending to the Court of Criminal
Appeals that relief be denied. Id. at *2. The defendant appealed and the court of appeals
dismissed because the notice of appeal was filed untimely. Id. at *3. After granting
discretionary review, the Court of Criminal Appeals found the dismissal of the appeal proper,
but for entirely different reasons, viz:

 The record reflects that the convicting court, consistent with Article 11.07
procedures, entered an order recommending that this Court deny appellant's
request for habeas corpus relief. The convicting court's order does not
specifically deny [or grant] appellant's requested relief as required by Article
11.072, § 6(a), Tex. Code Crim. Proc.,[ (3)] which would trigger appellant's right
to appeal under Article 11.072, § 8.[ (4)] In this case, therefore, it does not
matter how this Court might construe the term "enter" in Rule 26.2(a)(1)
because there is no valid order for appellant to appeal from anyway. The
Court of Appeals correctly determined that it had no jurisdiction over the
appeal even though it may have given the wrong reasons.


Id. at *5.


 The record before us indicates that, like the convicting court in Nunes, the trial court
signed an order recommending that the Court of Criminal Appeals dismiss Faulkner's
application as frivolous. This order was signed on July 8, 2005. Thereafter, in an instrument
titled, "State's Proposed Findings of Fact and Conclusions of Law," under the heading,
"Recommendation," the following appears: "It is the order of this Court that Applicant's
application for Writ of Habeas Corpus be in all things DENIED. Further, this trial court
finds that the Application is frivolous." It appears that this order was signed on October 7,
2005. Faulkner's notice of appeal states that the appeal is from the trial court's order "dated
October 7, 2005 denying applicant's application for Writ of Habeas Corpus." The wording
in the October 7, 2005, order is distinguishable from that contained in the order in question
in Nunes. As the October 7, 2005, order explicitly denies Faulkner's application for writ of
habeas corpus after also setting out findings of fact and conclusions of law on the merits, we
find the order to be a valid and appealable order. See Ex parte Hargett, 819 S.W.2d 866,
868-69 (Tex. Crim. App. 1991). As we have jurisdiction to entertain Faulkner's appeal, we
proceed to consider his issue.

 Faulkner's lone appellate issue reads: 

 The trial court reversibly erred by failing to hold a hearing or allow adversarial
fact-finding on appellant's application for writ of habeas corpus when
appellant's application raised previously unresolved issues of fact as to trial
counsel's ineffective assistance of counsel that would have entitled appellant
to relief.


Following his appellate issue, Faulkner's brief provides roughly ten pages of "Argument And
Authorities." At the conclusion of his argument and authorities, there appears a
"Conclusion," which reads: 

 Appellant is not asking for relief by way of granting his application for
writ of habeas corpus in this court. Since appellant's application states facts
upon which relief should be granted, appellant seeks a hearing on his
allegations in the trial court so he may have the opportunity to develop the
facts and show validity of his allegations. 


 Appellant prays that this cause be reversed and remanded for a proper
adversarial fact finding procedure as contemplated by the statute.


Although Faulkner's appellate issue and his concluding prayer are consistent in seeking
reversal only for alleged trial court error in denying his request for an evidentiary hearing,
his ten pages of "argument and authorities" focus exclusively on the alleged acts and
omissions of trial counsel that establish his ineffective assistance in violation of Strickland
v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Faulkner provides no
argument or authority for the issue upon which he seeks relief from this Court -- the denial
of an evidentiary hearing by the trial court. As such, it is subject to being overruled because
of inadequate briefing. See Tex. R. App. P. 38.1(h); Russeau v. State, 171 S.W.3d 871, 881
(Tex. Crim. App. 2005); Cardenas v. State, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000). We
will address the issue in the interest of justice.

 The portion of article 11.072 pertinent to Faulkner's issue reads as follows:

 Sec. 6. (a) Not later than the 60th day after the day on which the state's
answer is filed, the trial court shall enter a written order granting or denying
the relief sought in the application.


 (b) In making its determination, the court may order affidavits,
depositions, interrogatories, or a hearing, and may rely on the court's personal
recollection. 


 Article 11.072, section 6(b) clearly indicates that the decision by the trial court to
conduct a hearing on a defendant's application is entirely discretionary. See Tex. Gov't
Code Ann. § 311.016(1) (Vernon 2005) ("'May' creates discretionary authority or grants
permission or a power."). See also Ex parte Cummins, 169 S.W.3d 752, 757 (Tex. App.--Fort Worth 2005, no pet.) Additionally, the Court of Criminal Appeals has recently held that
trial courts are not always required to conduct evidentiary hearing on matters raised in
motions for new trial. See Holden v. State, No. PD-1699-05, 2006 WL 2686549 (Tex. Crim.
App. Sept. 20, 2006). Relying on its holding in Manzi v. State, 88 S.W.3d 240, 243 (Tex.
Crim. App. 2002), the Holden Court reiterated its recognition that there are circumstances
when a trial court may decide contested factual issues on affidavits alone. Holden, 2006 WL
2686549, at *2. Rejecting the defendant's argument that affidavits are insufficient and oral
testimony is necessary to make credibility determinations, the Holden Court elaborated
further:

 Manzi involved a pre-trial hearing on a motion to suppress evidence. The
affidavits offered were those of the defendant and several narcotics officers. 
The trial judge had . . . no prior opportunity to evaluate the demeanor or
credibility of the affiants or to become familiar with the case.


 In this case, the affiants were the defendant and her trial counsel. They
had already appeared in the trial court, where the trial on the plea of nolo
contendere had been held, and the trial judge had already had an opportunity
to evaluate the affiants. The court had received a pre-sentencing report about
the offense and the defendant, and the judge was familiar with the history and
facts of the case. The subjects at issue also were familiar to a judge: a
defendant's characterization of her conduct and her mental state, and a defense
counsel's advice about the wisdom of relying on such a characterization as a
defense. If the Manzi court's determination of credibility was entitled to
deference on appeal, then a fortiori is the trial court's determination entitled
to it in this case.


Holden, 2006 WL 2686549, at *2-*3. 

 In the instant case, Faulkner submitted his own affidavit and that of his spouse in
connection with his effectiveness of counsel claim. The State responded to Faulkner's
habeas application, and submitted a transcript of Faulkner's confession, a transcript from
Faulkner's guilty plea proceeding, the affidavit of the officer to whom Faulkner confessed,
and a detailed affidavit from Faulkner's trial counsel. Generally, Faulkner's affidavits
complain that his trial counsel failed to perform an investigation into the case that would
have lead to his discovery of information regarding the victim and the victim's mother that
suggested a motivation on their part to lie. Faulkner's trial counsel's affidavit indicates that
his investigation at the time of the plea was incomplete, but that the State's plea offer arose
before his investigation had been completed. The facts contained in the opposing affidavits
do not significantly conflict. 

 The trial court's task was to take all of the factual assertions contained in all of the
affidavits and filter them through the established law on ineffective assistance of counsel. 

Based on the information before the trial judge, together with his prior knowledge of the
case, we find that the trial judge could properly resolve the issue of whether trial counsel was
ineffective for not further investigating the background of the mother or the victim on the
affidavits alone. Trial counsel's investigation into the victim's and the mother's background
would not eliminate the confession coming before the jury, which, in trial counsel's
judgment, created a significant risk of Faulkner's conviction. We do not see it as
unreasonable to extend the holding in Holden (motion for new trial), as taken from the
decision in Manzi (motion to suppress evidence), to requests for hearings on applications for
writ of habeas corpus filed pursuant to article 11.072. Therefore, the trial court did not abuse
its discretion in deciding the merits of Faulkner's application under the circumstances before
us upon the affidavits alone. As such, Faulkner's appellate issue is overruled. The trial
court's order denying Faulkner's requested relief is affirmed.

 AFFIRMED.

 __________________________________

 CHARLES KREGER

 Justice


Submitted on September 21, 2006

Opinion Delivered November 1, 2006

Do not publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Faulkner's application was also filed pursuant to Texas Constitution article V, section 8,
and Texas Code Criminal Procedure article 11.08 (Vernon 2005). Applications for pre-conviction relief may be made under article 11.08, while other claims of illegal restraint may be
brought under article V, section 8 of the Texas Constitution. See generally Kniatt v. State, No.
PD-0323-05, 2006 WL 1710881, at *5 (Tex. Crim. App. June 20, 2006), petition for cert. filed,
75 U.S.L.W. 3121 (U.S. Sept. 14, 2006)(No. 06-381); Ex parte McCullough, 966 S.W.2d 529,
531 (Tex. Crim. App. 1998). As Faulkner is seeking relief from an order imposing community
supervision, we address his appeal under the provisions contained in article 11.072.
2. Nunes has no precedential value and we do not use it as authority; it is, nevertheless,
highly instructive with regard to the recently enacted provisions contained in article 11.072. See
Tex. R. App. P. 77.3.
3. The Court's footnote here reads, "Article 11.072, § 6(a), provides that '[n]ot later than
the 60th day after the day on which the state's answer is filed, the trial court shall enter a written
order granting or denying the relief sought in the application.'"
4. The Court's footnote here reads, "Article 11.072, § 8, provides that the applicant may
appeal '[i]f the application is denied in whole or in part.'"