NO.
12-07-00288-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          APPEAL
FROM THE 

EX PARTE

SAMUEL TAYLOR HARDWICK   §          COUNTY
COURT AT LAW OF

 

§          NACOGDOCHES
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Samuel
Taylor Hardwick appeals from the trial court’s denial of relief on his
application for writ of habeas corpus. 
In three issues, Appellant argues that the trial court should have
granted relief because he received ineffective assistance of counsel.  We affirm.

 

Background

            Appellant
was nineteen years old when he pleaded guilty to the misdemeanor offense of
driving while intoxicated.  He was
represented by counsel.  Appellant’s
grandmother called him the day after the plea and was surprised to learn that
he had pleaded guilty to driving while intoxicated.  She went to Appellant’s counsel’s office,
spoke with him at length about the situation, and left with the instruction,
essentially, for counsel to undo the guilty plea.

            As
part of his plea of guilty, Appellant had waived his right to appeal.  Appellant’s counsel did not think there were
reasonable grounds to seek a new trial, but he filed a motion for new trial and
used it as a mechanism to approach the county attorney to try to renegotiate
the plea.  He sought to renegotiate the
resolution of the case, but no agreement was reached.  Appellant’s counsel wrote a letter to the
court requesting a hearing on the motion for new trial, but no hearing was
held, and the motion was overruled by operation of law.








            After
engaging new counsel, Appellant filed an application for writ of habeas
corpus.  In the application he alleged
that his plea was not entered freely and voluntarily, that he received
ineffective assistance of counsel, and that the evidence was insufficient to
support the conviction.  The trial court
held a hearing on the application and denied relief.  This appeal followed.

 

Voluntariness
of Guilty Plea

            In
three issues, Appellant argues that counsel did not provide effective
assistance prior to the plea rendering his guilty plea involuntary, and that
counsel did not provide effective assistance following the guilty plea.  

Applicable Law and Standard of Review

            A
person convicted of a misdemeanor offense may attack the validity of the
conviction by habeas corpus if he is confined or restrained as a result of a
misdemeanor conviction, or is no longer confined, but still subject to
collateral legal consequences resulting from the conviction.  See Tex.
Code Crim. Proc. Ann. arts. 11.09, 11.21, 11.22 (Vernon Supp. 2007); Ex
parte McCullough, 966 S.W.2d 529, 531-32 (Tex. Crim. App. 1998).

            To
prevail on a claim of ineffective assistance of counsel, Appellant must prove
both that he received objectively deficient representation and that he was
prejudiced by the representation.  See
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064,
80 L. Ed. 2d 674 (1984); Ex parte McFarland, 163 S.W.3d 743, 753
(Tex. Crim. App. 2005).  In assessing
counsel’s performance, we look to see if counsel was acting as “a reasonably
competent attorney” under the circumstances. 
McFarland, 163 S.W.3d at 754.  An appellant has the burden of proof and must
overcome a strong presumption that counsel’s performance fell within the wide
range of reasonable professional assistance and that his attorney made errors
so serious that counsel was not functioning as the “counsel” guaranteed the
defendant by the Sixth Amendment.  Id.

            To
prove prejudice, an appellant must demonstrate that there is a reasonable
probability that, but for counsel’s unprofessional errors, the result of the
proceeding would have been different.  Id.
at 754.  A “reasonable probability” is a “probability
sufficient to undermine confidence in the outcome.”  Id. (quoting Strickland,
466 U.S. at 694, 104 S. Ct. at 2068).

            A
guilty plea constitutes a waiver of three constitutional rights: the right to a
jury trial, the right to confront one’s accusers, and the right not to
incriminate oneself.  Kniatt v.
State, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006), cert. denied,
Knaitt v. Texas, __ U.S. __, 127 S. Ct. 667, 166 L. Ed. 2d 514
(2006)(citing Boykin v. Alabama, 395 U.S. 238, 243, 89 S. Ct.
1709, 1712, 23 L. Ed. 2d 274 (1969)). 
Accordingly, a guilty plea, to be consistent with due process of law,
must be entered knowingly, intelligently, and voluntarily.  Knaitt, 206 S.W.3d at 664.  To be “voluntary,” a guilty plea must be the
expression of the defendant’s own free will and must not be induced by threats,
misrepresentations, or improper promises. 
Brady v. United States, 397 U.S. 742, 755, 90 S. Ct. 1463,
1472, 25 L. Ed. 2d 747 (1970).

            An
applicant seeking habeas corpus relief on the basis of an involuntary guilty
plea must prove his claim by a preponderance of the evidence.  Ex parte Morrow, 952 S.W.2d
530, 535 (Tex. Crim. App. 1997); Ex parte Thomas, 906 S.W.2d 22,
24 (Tex. Crim. App. 1995).  An appellate
court reviewing a trial court’s ruling on a habeas claim must review the record
evidence in the light most favorable to the trial court’s ruling and must
uphold that ruling absent an abuse of discretion.  Ex parte Peterson, 117 S.W.3d
804, 819 (Tex. Crim. App. 2003).  We also
afford deference to a trial court’s ruling on “application of law to fact
questions,” also known as “mixed questions of law and fact,” if the resolution
of those ultimate questions turns on an evaluation of credibility and
demeanor.  Id. 

Analysis

            In
his first two issues, Appellant argues that his plea was involuntary because
his attorney told him, prior to the plea, that if he were convicted his
punishment would be twice as great as the proffered plea agreement and that he
would not be acquitted at trial. 
Appellant argues that this advice was wrong, that it was ineffective
assistance of counsel, and that it rendered his guilty plea 

involuntary.  

            Appellant
was sentenced, pursuant to a plea agreement, to 180 days in jail, suspended for
a period of one year of community supervision and a fine of $1,000.  Counsel had told him that this punishment was
“fifty percent less” than he would get if he was found guilty.  Whether this statement is precisely accurate
is a question for reasonable disagreement, but the term of community
supervision is half of the maximum, as is the fine; and Appellant did not serve
any time in jail despite a statutory requirement that he serve at least 72
hours in jail, nor did he suffer any additional suspension of his license.  See Tex.
Penal Code Ann. §§ 12.22, 49.04(b) (Vernon Supp. 2007); Tex. Code Crim. Proc. Ann. art. 42.12 §3(c)
(Vernon Supp. 2007).  And the punishment
is roughly fifty percent less than the maximum suspended sentence Appellant
could have received.  Appellant’s
attorney was giving his advice about the case, and no contrary evidence was
offered about what other punishment was regularly assessed or could be expected
for this kind of offense.  According to
the limited evidence adduced at the hearing, a police officer observed
Appellant strike another vehicle with his own and immediately arrested
him.  At the hearing, Appellant admitted
that he had been drinking, although he denied that he had been impaired. 

            This
case, and the advice rendered, differs strikingly from the advice found to be
deficient in, Ex parte Burns, 601 S.W.2d 370 (Tex. Crim. App.
1980), the principal case cited by Appellant. 
In that case, counsel advised the defendant to plead guilty and to
accept a life sentence to avoid the death penalty.  Id. at 372.  The death penalty was not available as a
punishment in 1973 when the defendant pleaded guilty, and the court of criminal
appeals held that counsel’s erroneous advice rendered the plea
involuntary.  In this case, by contrast,
the trial court concluded that counsel made a reasonably accurate assessment of
the case and his communication of that assessment along with the recitation of
rights given to Appellant were sufficient for his plea to be voluntary.  This is principally a mixed question of fact
and law, and we hold that the trial court’s conclusion was not an abuse of
discretion.  We overrule Appellant’s
first and second issues.

            In
his third issue, Appellant argues that his attorney was ineffective because he
did not present the motion for new trial and because he did not file a notice
of appeal or discuss his options with respect to an appeal.  On this issue, evidence is lacking as to any
prejudice that accrued to Appellant.  The
voluntariness of a guilty plea may not be appealed in a plea bargain case.  See Cooper v. State, 45 S.W.3d
77, 81 (Tex. Crim. App. 2001) (“When we actually consider the issue of whether
voluntariness of a guilty plea may be raised on appeal from a plea-bargained,
felony conviction, we find that the answer must be that it may not.”).  And a hearing on the motion for new trial
would have allowed no more of a hearing than Appellant was afforded on his
application for habeas corpus.  Appellant
has identified no claims that were forfeited and no meritorious claims that
could have been brought.  Therefore, he
suffered no prejudice, and the trial court did not abuse its discretion when it
did not order relief on this ground.  We
overrule Appellant’s third issue.

 

Disposition

            Having
overruled Appellant’s three issues, we affirm the judgment of the
trial court.

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion
delivered January 31, 2008.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)