IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1046-07






EX PARTE TENIKA BROOKS, Appellant









ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW 

FROM THE TWELFTH COURT OF APPEALS 

NACOGDOCHES COUNTY




 Johnson, J., delivered the opinion of the Court in which Keller, P.J., Price,
Womack, Keasler, Hervey, Holcomb, and Cochran, JJ., joined. Meyers, J., filed a
concurring opinion.


O P I N I O N



 In April of 2000, appellant was indicted for a theft of $100,000 or more but less than
$200,000 that was alleged to have occurred "between 7-1-98 through 4-1-2000." That indictment
was subsequently amended to change the alleged value to $20,000 or more but less than $100,000. 
After numerous delays, trial was set for August 17, 2006. On the day of trial, the state moved the
trial court to amend the indictment to include language required by the penal code when charging
aggregated theft. (1) After the trial court denied the motion, the state moved to dismiss the indictment
so that it might cure the indictment's defect. Over appellant's objection, the trial court granted the
motion to dismiss.

 The following day, the state re-indicted appellant and included specific language alleging
aggregated theft. The new indictment alleged theft "pursuant to one scheme or continuing course
of conduct that began on or about September 1, 1998, and continued until on or about April 1, 2000,"
but it did not contain any allegation that the statute of limitations had been tolled by the previous
indictment. Appellant, claiming that prosecution on the new indictment was barred by the five-year
statute of limitations for felony theft, filed a pretrial application for writ of habeas corpus with the
trial court. Appellant also argued that the trial court erred in dismissing the first indictment as
against "the public interest." The trial court held a hearing to determine the disposition of the
application. During the hearing, appellant acknowledged that the limitations could be tolled by a
previously pending indictment if both indictments alleged the same conduct, act, or transaction, but
she asserted that the first indictment had alleged a single act of theft, not an aggregated one, and
argued that a single theft was not the same conduct, act, or transaction as aggregated theft. At the
conclusion of the hearing, the trial court took the matter under advisement and a few days later
issued a written order denying relief. Thereafter appellant appealed.

 Appellant's pleadings and arguments in the court of appeals mirrored her pleadings and
arguments in the trial court. Appellant argued in her first two points of error that the second
indictment was barred by the statute of limitations because aggregated theft could not be tolled by
an indictment alleging "a single theft," because they are "separate offenses for all purposes, including
limitations[,]" arising from "different conduct, different acts, and different transactions[.]" 
(Appellant's brief before the court of appeals, p. 11.) She argued that theft and aggregated theft "are
separate offenses, addressed to different conduct[, and t]he preceding indictment which alleged a
single theft did not toll the limitations period for aggregate[d] theft alleged in the instant indictment."
(Appellant's brief before the court of appeals, p. 8.) 

 The court of appeals, however, characterized appellant's claim as a challenge to the
sufficiency of the state's anticipated tolling argument and analyzed appellant's claim under this
challenge. Ex parte Brooks, ___ S.W.3d ___, 2007 Tex. App. LEXIS 4770, *4 (Tex. App.-Tyler
2007, delivered June 30, 2007). The court of appeals held that appellant's claim (as characterized
by the court of appeals) was governed by Ex parte Smith, 178 S.W.3d 797 (Tex. Crim. App. 2005), (2)
and it was therefore unable to address the merits of appellant's "interlocutory appeal claim
concerning the sufficiency of the tolling allegation." Accordingly, the court of appeals dismissed
appellant's first two points of error for want of jurisdiction. (3) As to appellant's claim that the trial
court erred in dismissing the state's first indictment, the court of appeals held that the trial court, thus
necessarily the court of appeals, lacked jurisdiction to review such a claim via a writ of habeas
corpus. Ex parte Brooks, ___ S.W.3d at ___, 2007 Tex. App. LEXIS 4770, *5-8.

 Appellant filed a petition for discretionary review with this court. We granted appellant's
first ground for review, which asks whether the court of appeals mischaracterized appellant's
challenge to the new indictment. We refused review of appellant's second ground for review
challenging the court of appeals's holding that it and the trial court lacked jurisdiction to review the
first indictment's dismissal under a writ of habeas corpus.

 We agree with appellant that the court of appeals misunderstood her claim. Appellant did
not claim that the second indictment was defective because it did not contain tolling language, nor
did appellant argue that the indictment would still be insufficient even if it did contain tolling
language. Appellant contended that the first indictment charged only a single theft, which cannot
toll limitations for an indictment alleging aggregated theft, regardless of the language or defects in
either of the indictments, because tolling does not occur when separate offenses that address different
conduct, different acts, and different transactions are alleged in a subsequent indictment.
(Appellant's brief in the court of appeals, p. 11.) 

 The state counters that the original indictment did charge aggregated theft because it stated
that the theft took place "between 7-1-98 through 4-1-2000" instead of the language used to allege
an individual theft-"on or about" a date. Although the indictment did not include the language from
Section 31.09, the state asserts that the individual thefts were committed pursuant to a continuing
scheme or course of conduct; both indictments charged appellant with aggregated theft and rest on
the same evidence and same conduct. (State's brief in the Court of Criminal Appeals, p. 5) The
court of appeals neither addressed these arguments nor decided the stated issues.

 The discretionary review power of this court permits review only of decisions by the lower
courts. The court of appeals failed to decide the claim appellant raised in that court, and we cannot
review a decision that has not been made. Stringer v. State, 241 S.W.3d 52, 59 (Tex. Crim. App.
2007). Accordingly, we sustain appellant's ground for review, reverse the judgment of the court of
appeals, and remand this cause to that court for further proceedings consistent with this opinion.




Delivered: June 9, 2010

Publish
1. Tex. Penal Code § 31.09 provides: "When amounts are obtained in violation of this chapter pursuant to
one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be
considered as one offense and the amounts aggregated in determining the grade of the offense."
2. "A defendant may challenge an indictment that, on its face, is barred by the statute of limitations by way
of a pretrial application for writ of habeas corpus. . . . If, on the other hand, an indictment alleges that the statute of
limitations is tolled, the sufficiency of that tolling allegation may not be challenged by a pretrial writ of habeas
corpus." Ex parte Brooks at *3 (citing Ex parte Smith, 178 S.W.3d at 803)(citations omitted).
3. While the court of appeals used the language "for want of jurisdiction" in dismissing appellant's first two
points of error, more appropriate terminology might be "for want of a cognizable claim." See Ex parte McCullough,
966 S.W.2d 529, 531 (Tex. Crim. App. 1998).