

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-90,264-01

### EX PARTE ANDRE LATAUN SMITH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 73534-A IN THE 300TH DISTRICT COURT
### FROM BRAZORIA COUNTY

YEARY, J., filed a dissenting opinion in which KELLER, P.J., and WALKER and SLAUGHTER, JJ., joined.

### DISSENTING OPINION

Today, the Court summarily grants Applicant habeas relief and modifies the trial court's judgment to remove Applicant's obligation to pay for attorney's fees. In my opinion, the Court should grant Applicant habeas relief in the form of an out-of-time appeal and allow Applicant to appeal the trial court's judgment.

The trial court found Applicant indigent and appointed counsel. Applicant was found guilty of murder. The judgment ordered him to pay $8,165.75 in attorney's fees. Applicant contends that his trial counsel advised him that there were no grounds for appeal. But, because the trial court found Applicant indigent and there may not have been a sufficient

showing that his financial circumstances had changed, Applicant might have been able to argue on appeal that the order to pay attorney's fees was improper. *See Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010).

Applicant has now filed an application for a post-conviction writ of habeas corpus pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure. TEX. CODE CRIM PROC. art. 11.07. In his application, Applicant seeks an out-of-time appeal and contends that his trial counsel was ineffective for advising him that there were no grounds for an appeal. Instead of granting Applicant the relief he seeks, this Court instead addresses the underlying complaint and modifies the trial court's judgment by deleting the portion of the judgment assessing attorney's fees.

I disagree that modifying the trial court's judgment instead of granting Applicant the relief he seeks is the proper way to dispose of this case.[1] Such an order ignores important considerations like whether a particular issue is even cognizable on habeas, and it sets a precedent for future inmates to abuse habeas by requesting immediate relief from a trial court's judgment instead of requesting an out-of-time appeal. It also short-circuits the opportunity of a court of appeals to determine the merits of the issue in a carefully wrought opinion that might give more thorough consideration both to the merits of the applicant's

---

[1] "Habeas is an extraordinary remedy that should not be used as a substitute for an appeal." *Ex Parte Culver*, 932 S.W.2d 207, 210 (Tex. Crim. App. 1996) (citing *Ex Parte Clore*, 690 S.W.2d 899, 900 (Tex. Crim. App. 1985)).

complaint,[2] and to any other potential procedural considerations, such as preservation of error. This Court should instead grant Applicant habeas relief by way of an out-of-time appeal and allow Applicant to appeal the trial court's judgment ordering him to pay attorney's fees. The process matters.

I respectfully dissent.

FILED:      October 2, 2019
PUBLISH

---

[2] *McClintock v. State*, 444 S.W.3d 15, 21 (Tex. Crim. App. 2014).