

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-23-00203-CR
_____

## EX PARTE WILLIAM ANTONIO ALARCON ARRIOLA

On Appeal from the County Court
Maverick County, Texas
Trial Court No. 32532

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

Following his arrest and incarceration for criminal trespass[1] in Maverick County,[2] William Antonio Alarcon Arriola filed an application for a pretrial writ of habeas corpus seeking immediate discharge from custody based on a lack of probable cause for his arrest. Without conducting an evidentiary hearing, the trial court denied Arriola's requested relief. Arriola appeals.

## I.      Background

As part of Operation Lone Star (OLS), Arriola was arrested for allegedly trespassing on the premises of Shelby Park in Maverick County. According to the probable cause affidavit, Trooper Zachary Perez encountered Arriola in Shelby Park. According to Perez, "Shelby Park is private property under the care, custody and control of Rolando Salinas." Further, Perez stated, "Salinas has provided [the Department of Public Safety] with a criminal trespass statement that states individuals are not allowed to be on the property without permission. . . . Shipping containers, constantine wire,[3] fences, no trespassing signs, audio commands warning individuals not to enter the premises are all tools utilized to inform individuals not to enter the premises."

---

[1]Tex. Penal Code Ann. § 30.05(d)(1) (Supp.).

[2]Originally appealed to the Fourth Court of Appeals in San Antonio, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* Tex. Gov't Code Ann. § 73.001 (Supp.). We follow the precedent of the Fourth Court of Appeals in deciding this appeal. *See* Tex. R. App. P. 41.3.

[3]Constantine wire, also known as concertina wire or razor wire, is "a coiled barbed wire used as an obstacle." *Concertina wire*, Merriam-Webster Dictionary (11th ed. 2003).

Arriola filed an application for a writ of habeas corpus in the County Court of Maverick County, claiming that Shelby Park is public property and that Salinas is the mayor of Eagle Pass. He further claimed that (1) it is not an offense to enter public property without permission from a government official, (2) the probable cause affidavit failed to allege an offense, (3) he had effective consent to be on public property, (4) he did not have notice that entry was forbidden, (5) he did not receive notice to depart but failed to do so, (6) he was arrested without probable cause, and (6) the complaint on which the State relies is devoid of sufficient facts based on personal knowledge to support his continued detention. As a result, Arriola asked the trial court to issue a writ of habeas corpus and, after a hearing on the merits, to discharge him from custody.

The trial court denied Arriola's motion, stating, "[U]pon review of the Application allegations and the Court taking Judicial Knowledge of the filings in this cause, the application for Writ to bring the defendant to the Court is denied without further hearing and requested relief is denied."

## II.    Jurisdiction

As a preliminary matter, we must determine whether this Court has jurisdiction to entertain Arriola's appeal. Here, the trial court did not conduct an evidentiary hearing on Arriola's pretrial application for a writ of habeas corpus. If the trial court did not rule on the merits of the application, we lack jurisdiction to consider this appeal. *In re Perez*, No. 04-23-00294-CR, 2023 WL 5270488 (Tex. App.—San Antonio Aug. 16, 2023, orig. proceeding) (per curiam) (mem. op., not designated for publication); *Ex parte Campos*, No. 06-23-00133-CR, 2023 WL 5498955 (Tex. App.—Texarkana Aug. 25, 2023, no pet.) (mem. op., not designated for

3

publication); *Ex parte Vallesteros*, No. 06-23-00134-CR, 2023 WL 5498965 (Tex. App.—Texarkana Aug. 25, 2023, no pet.) (mem. op., not designated for publication). If the trial court ruled on the merits of the application, even in the absence of the issuance of a writ and an evidentiary hearing, then this Court has jurisdiction over Arriola's appeal. *See Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991), *superseded by statute on other grounds as stated in Ex parte Villanueva*, 252 S.W.3d 391, 397 (Tex. Crim. App. 2008) (appellate court had jurisdiction when trial court ruled on merits of claim, even though it did not issue writ); *Ex parte McCullough*, 966 S.W.2d 529, 530–31 (Tex. Crim. App. 1998) (per curiam) (appellate court had jurisdiction when trial court denied the relief requested).

Because the trial court denied the "requested relief" and went so far as to take judicial notice of the trial court filings, it ruled on the merits of Arriola's claim. As a result, this Court has jurisdiction to hear this appeal.

## III. Cognizability

"Pretrial habeas is an extraordinary remedy." *Ex parte Edwards*, 663 S.W.3d 614, 616 (Tex. Crim. App. 2022) (citing *Ex parte Ingram*, 533 S.W.3d 887, 891 (Tex. Crim. App. 2017)). "It is reserved for cases where 'the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review.'" *Id.* (quoting *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001)). "Whether a claim is cognizable on pretrial habeas is a threshold issue that we must address first." *State v. Colin-Tapio*, No. 04-23-00156-CR, 2023 WL 6133444, at *1 (Tex. App.—San Antonio Sept. 20, 2023, no pet.)

4

(citing *Ex parte Dominguez Ortiz*, 668 S.W.3d 126, 132 (Tex. App.—San Antonio 2023, no pet.)).

As in *Colin-Tapio*, Arriola's "habeas petition sought dismissal of his prosecution on the ground that officers lacked probable cause to arrest him for criminal trespass." *Id.* at \*1. In that case, Colin-Tapio was arrested for trespassing and filed a habeas application seeking dismissal of his prosecution because he claimed that officers lacked probable cause to arrest him for trespassing. Colin-Tapio argued that he did not receive notice that entry was forbidden, even though the complaint alleged "the property also ha[d] barbed wire fencing all around the property." *Id.* At the evidentiary hearing, "one witness . . . testified to the lack of posted signage or . . . fencing around the area" of the alleged trespassing. *Id.* Our sister court, whose precedent we follow, determined that Colin-Tapio's "habeas petition [was] predicated on a factual dispute regarding an element of the alleged offense—the presence (or lack) of fencing or signage providing notice that entry was forbidden. Such a factual dispute is precisely the type of claim appropriately vindicated at trial." *Id.*

Arriola's application states that he is "seeking the immediate discharge . . . from custody based on a lack of probable cause [to] arrest Applicant." Arriola claims that the complaint on which the State relies is devoid of sufficient facts based on personal knowledge to support his continued detention. Arriola contends that the complaint failed to state that he had notice that entry was forbidden and was therefore insufficient.[4] Beyond that, Arriola contends that he did

---

[4]The complaint in this Court's record alleges, among other things, "Arriola, did then and there intentionally and knowingly enter property of another, namely Shelby Park, Rolando Salinas, hereafter styled the complainant, without the effective consent of the complainant, and the defendant had notice that the entry was forbidden." In his

5

not have notice that entry was forbidden and that he did not receive notice to depart but failed to do so.  Arriola further claims that he had effective consent to be present on the property because it was public property.  These issues are predicated on at least two factual disputes:  (1) whether Arriola had notice that entry into Shelby Park was forbidden and (2) whether Shelby Park is public or private property.  These factual disputes, as in *Colin-Tapio*, are "precisely the type of claim[s] appropriately vindicated at trial."  *Colin-Tapio*, 2023 WL 6133444, at *1.  As a result, Arriola's "claim[s] [are] not cognizable by pretrial writ of habeas corpus."[5]  *See id.* at *2.

## IV.    Conclusion

We affirm the trial court's order denying Arriola's pretrial application for a writ of habeas corpus.


                                              Charles van Cleef
                                              Justice


Date Submitted:       November 20, 2023
Date Decided:         November 30, 2023

Do Not Publish

---

application, Arriola also attacked the probable cause affidavit because it alleged that he entered the park without permission rather than without effective consent.

[5]Arriola attempts to distinguish this case from *Colin-Tapio* stating that *Colin-Tapio* only applies to probable cause writs seeking dismissal of criminal charges.  Arriola contends that, because he requested discharge from custody, as well as dismissal of the criminal charges, his discharge claim is still cognizable, citing *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005) (per curiam).  The substance of Arriola's application, though, is based on lack of probable cause to arrest, which would result in the dismissal of criminal charges.  We, therefore, believe *Colin-Tapio* is applicable here.  This is true even though the trial court conducted an evidentiary hearing in *Colin-Tapio*.  Our sister court determined that, "because Colin-Tapio's claim [was] not cognizable in a pretrial habeas proceeding, the State had no burden to discharge at the pretrial habeas hearing."  *Colin-Tapio*, 2023 WL 6133444, at *2.