

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00324-CR
No. 02-24-00325-CR
No. 02-24-00326-CR

———————————————

## Ex parte Damien Lashaun Mims

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court Nos. C0012202-1766571, C0012202-1766574, C0012202-1770591

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Appellant Damien Lashaun Mims appeals from the denial of his pretrial application for writ of habeas corpus, claiming that his initial trial counsel in his underlying cases provided ineffective assistance of counsel during plea negotiations. We do not have jurisdiction over this appeal and dismiss it.

## I. Discussion

In his pretrial application, Mims alleged that his initial trial counsel failed to communicate that a particular plea offer had a deadline, which had expired before Mims could accept it. The trial court conducted a hearing on Mims's application, during which Mims, his life partner, and his initial trial counsel testified about the plea negotiations.

After the State and Mims presented closing arguments, the trial court asked both sides for additional briefing, including on whether Mims's pretrial application was the "appropriate vehicle" to consider Mims's ineffective-assistance claim. The trial court questioned, "[I]s this the appropriate time to even take this up[?]" The trial court also asked the parties to brief several questions about the merits of Mims's ineffective-assistance claim. Both sides filed briefing.

Thereafter, the trial court signed the following Order Denying Pretrial Application for Writ of Habeas Corpus:

> The Court has considered defendant Damien Lashaun Mims's pretrial application for writ of habeas corpus and briefing in support; the state's response to Mims's briefing; Mims's reply in support of his application;

and the parties' arguments and the evidence presented at the Court's hearing on the application. The Court DENIES the application.

The order does not indicate the basis for the trial court's ruling and does not affirmatively state that the trial court had reached the merits of Mims's claim or, in contrast, had refused to issue a pretrial writ without reaching the merits. And no one requested any findings of fact or conclusions of law.

On whether Mims has the right to appeal, the trial court signed a certification containing the following handwritten modification to the trial court's standard certification form: "Defendant's writ of habeas corpus to enforce plea bargain was raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant does not have a right of appeal." Mims appealed.

Because the trial court's denial order did not state the basis for its ruling, but its certification expressly indicated that Mims did not have the right to appeal, we questioned our jurisdiction and asked the parties for a response. Neither Mims nor the State squarely addressed the jurisdictional issue; rather, they argued about the cognizability of Mims's claims. So we issued an abatement order asking the trial court to clarify Mims's right to appeal. *See* Tex. R. App. P. 34.5(c), 37.1; *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005).

As we explained, an order denying a pretrial writ of habeas corpus may be appealable—even if the claims within the writ are not cognizable. *See Ex parte Blakely*, No. 02-19-00426-CR, 2020 WL 719430, at *1 (Tex. App.—Fort Worth Feb. 13, 2020,

no pet.) (mem. op., not designated for publication) (citing *Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex. Crim. App. 1998)); *see also Ex parte Castillo*, No. 04-22-00598-CR, 2022 WL 17480551, at *1 (Tex. App.—San Antonio Dec. 7, 2022, no pet.) (mem. op., not designated for publication) ("In a habeas corpus proceeding, an order denying relief on the merits is a final judgment and [is] immediately appealable.").

To determine whether we have jurisdiction over a trial court's pretrial habeas ruling, we review the entire record to determine whether the trial court ruled on the merits of the claim. *See Ex parte Bowers*, 36 S.W.3d 926, 927 (Tex. App.—Dallas 2001, pet. ref'd). When a trial court considers and rules on the merits of a pretrial habeas claim, the losing party may appeal. *Ex parte Villanueva*, 252 S.W.3d 391, 394–95 (Tex. Crim. App. 2008); *Ex parte Martinez*, No. 04-22-00475-CR, 2024 WL 349311, at *2 (Tex. App.—San Antonio Jan. 31, 2024, no pet.) (mem. op., not designated for publication). In contrast, if the trial court refuses to issue a writ or dismisses or denies a habeas application without ruling on the merits of the applicant's claim, the applicant has no right to appeal. *See Martinez*, 2024 WL 349311, at *2 (first citing *Villanueva*, 252 S.W.3d at 394; then *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991), *superseded in part by statute as discussed in Villanueva*, 252 S.W.3d at 397; and then *Ex parte Garcia*, 683 S.W.3d 467, 471–72 (Tex. App.—San Antonio Nov. 22, 2023, no pet.) (en banc)).

The trial court has now signed an amended certification, which certifies that "this criminal case is not a plea-bargain case, and the defendant does not have a right

4

of appeal because [the] Trial Court did not reach the merits of his pretrial application for writ of habeas corpus." Both Mims and his new trial counsel signed the amended certification, and one of them wrote above their signatures "under protest and with objection to changed language[.]"

We again notified the parties of our concern that we lacked jurisdiction over this appeal because the trial court's amended certification confirms that it did not reach the merits of Mims's request for a pretrial writ, and we informed Mims that this appeal would be dismissed for want of jurisdiction unless he responded with grounds for continuing the appeal. *See* Tex. R. App. P. 25.2(a)(2), (f); *Villanueva*, 252 S.W.3d at 394–95. In response, Mims argues that the record contradicts the trial court's amended certification and shows that the trial court reached the merits of his habeas application. We disagree.

The trial court's order denying Mims's application states what the trial court considered, both evidence and the briefing that the parties had submitted to the trial court. And as Mims acknowledges in his response to our jurisdictional inquiry, the parties' briefing addressed the parties' respective positions on the non-merits legal issues the trial court had raised. Because the trial court's denial order did not specify the grounds upon which it denied Mims's habeas request, that is why we requested clarification from the trial court, which it provided to us in the amended certification: the trial court denied Mims's pretrial application without reaching the merits. Mims

5

therefore has no right to appeal the denial order. *See Villanueva*, 252 S.W.3d at 394–95; *Martinez*, 2024 WL 349311, at *2.

## II. Conclusion

We must dismiss an appeal if the trial court's certification, as supported by the record, does not show the defendant has a right of appeal. Tex. R. App. P. 25.2(d); *see Dears*, 154 S.W.3d at 614–15. Because that is the case here, we dismiss this appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 27, 2025

6