

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1872-11

### EX PARTE JUAN CARPIO-CRUZ, Appellant

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE EIGHTH COURT OF APPEALS
### EL PASO COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to a plea agreement, the Appellant pled guilty in 2009 to possession of a controlled substance. The following year, he filed an application for a writ of habeas corpus claiming that his counsel provided ineffective assistance by failing to advise him that his guilty plea would result in deportation. The trial court granted relief and the Court of Appeals affirmed. *Ex parte Carpio-Cruz*, No. 08-10-00240-CR (Tex. App.—El Paso 2011). The State has filed a petition for discretionary review contending the Court of Appeals erred in holding

(1) *Padilla v. Kentucky*, 559 U.S. 356 (2010), applies retroactively to the collateral review of a state conviction that was final when the *Padilla* opinion was issued, and (2) the Court of Appeals erred in holding that Carpio-Cruz pleaded and proved the prejudice prong of *Strickland v. Washington*, 466 U.S. 668 (1984).

The U.S. Supreme Court recently held that, under *Teague v. Lane*, 489 U.S. 288 (1989), *Padilla* does not have retroactive effect. *Chaidez v. United States*, 133 S.Ct. 1103 (2013). Today, we adopted that Court's reasoning as a matter of state law in *Ex parte De Los Reyes*, No. PD-1457-11, __ S.W.3d __ (Tex. Crim. App. March 20, 2013).

The Court of Appeals in the instant case did not have the benefit of our opinion in *Ex parte De Los Reyes*. Therefore, we grant the State's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals in light of *Ex parte De Los Reyes*.


Delivered March 20, 2013
Do Not Publish