**Affirmed and Memorandum Opinion filed April 2, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-01082-CR

### EX PARTE AVELINO GARCIA, Appellant

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 605432-A**

## M E M O R A N D U M   O P I N I O N

Appellant Avelino Garcia appeals the trial court's decision denying him habeas corpus relief from his 1991 conviction for felony driving while intoxicated. We affirm.

On November 22, 1991, appellant pleaded guilty to felony driving while intoxicated in accordance with a plea bargain agreement. In exchange for his guilty plea, appellant was sentenced to five years' community supervision. Appellant did not appeal his conviction, and successfully completed his term of

probation.

After appellant's conviction became final the United States Supreme Court, in *Padilla v. Kentucky*, 559 U.S. ___, 130 S.Ct. 1473 (2010), held that defense counsel must inform a defendant if, by pleading guilty, he risks deportation. *See id.* 130 S.Ct. at 1486. In light of *Padilla*, on April 30, 2012, appellant filed an application for writ of habeas corpus in the trial court alleging that he received ineffective assistance of counsel because his attorney failed to advise him that, by pleading guilty to felony DWI, appellant would be potentially subject to deportation.

At the hearing on appellant's application for writ of habeas corpus, appellant's attorney testified that he had been practicing as a criminal defense attorney for more than twenty years. At the time of appellant's guilty plea, the usual and customary business practice of criminal defense attorneys did not include advice to non-citizen clients that pleading guilty to a felony offense would carry the risk of deportation. Instead, according to counsel's testimony, the usual and customary practice was for the trial court to admonish defendants that their plea may result in deportation. *See generally*, Tex. Code Crim. Proc. Ann. art. 26.13. Having found that appellant could not show harm even if his counsel's actions were deficient, the trial court denied relief.

In a single issue, appellant argues he met the burden of establishing that he met the standards for ineffective assistance of counsel as articulated in *Padilla*. In his brief, appellant presumes the 2010 decision in *Padilla* applies retroactively to the advice he received in connection with his guilty plea entered in 1991. This court previously determined that the standard announced in *Padilla* applied retroactively to collateral proceedings such as this habeas corpus application. *See Aguilar v. State*, 375 S.W.3d 518, 522–24 (Tex. App.—Houston [14th Dist.] 2012)

2

*rev'd and remanded* No. PD–1111–12, 2013 WL 1136526 (Tex. Crim. App. Mar. 20, 2013).

While this appeal was pending, the United States Supreme Court held in *Chaidez v. United States*, No. 11-820, — S. Ct. —, 2013 WL 610201 (Feb. 20, 2013), that *Padilla* announced a "new rule" of criminal procedure so that "a person whose conviction is already final may not benefit from the decision in a habeas or similar proceeding." *Id.* at *4 (citing *Teague v. Lane*, 489 U.S. 288, 301 (1988)). In addition, the Court of Criminal Appeals recently decided that *Padilla*'s rule does not apply retroactively under the Texas Constitution. *See Ex parte De Los Reyes*, No. PD–1457–11, 2013 WL 1136517 (Tex. Crim. App. Mar. 20, 2013). Accordingly, we recognize the abrogation of the rule this court adopted in *Aguilar*, and we hold that *Padilla* does not apply retroactively to appellant's counsel's representation in the underlying case. *See Ex Parte Luna*, No. 14-11-01063-CR, 2013 WL 1197777 (Tex. App.—Houston [14th Dist.] Mar. 26, 2013, no pet. h.).

Because appellant's conviction became final before *Padilla* was decided, pre-*Padilla* law applies to his habeas application alleging ineffective assistance of counsel. Under that law, "while the Sixth Amendment assures an accused of effective assistance of counsel in criminal prosecutions, [it] does not extend to 'collateral' aspects of the prosecution." *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997). Immigration consequences of a guilty plea are considered collateral; therefore, appellant's plea would not be rendered involuntary under the United States or Texas Constitutions even if his attorney was deficient in informing him of the consequences. *See State v. Jimenez*, 987 S.W.2d 886, 888–89 (Tex. Crim. App. 1999). Because appellant's right to effective assistance of counsel was not violated by his counsel's failure to warn about the collateral immigration consequences of his guilty plea, the trial court did not abuse its

3

discretion in denying appellant's application for writ of habeas corpus. Appellant's sole issue on appeal is overruled.

We affirm the trial court's order denying habeas corpus relief.

PER CURIAM

Panel consists of Justices Christopher, Jamison, and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).