

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| EX PARTE GILBERTO AGUILAR. | § | No. 08-12-00369-CR |
| | § | Appeal from the |
| | § | 243rd District Court |
| | § | of El Paso County, Texas |
| | § | (TC# 20100D03082-243-1) |
| | § | |

## **O P I N I O N**

Gilberto Aguilar appeals the trial court's denial of the relief he sought in his application for writ of habeas corpus, in which Appellant argued that his trial attorney, Matthew DeKoatz, rendered ineffective assistance. Appellant asserts that had he been advised that he would definitely be deported as a result of pleading guilty for deferred adjudication, "it is likely he would have insisted on a jury trial."

Appellant appeals the trial court's denial of his writ of habeas corpus, alleging that had he been advised that the offense was probation only, and that a jury could not assess penitentiary time if he lost at trial, he would have chosen to go to trial rather than plead guilty and definitely be deported.

# FACTUAL SUMMARY

Appellant was charged by indictment with intentionally or knowingly possessing less than one gram of cocaine, a controlled substance. The offense is classified as a state jail felony and, on conviction, unless a defendant has been previously convicted of a felony, the trial court is required to suspend imposition of the defendant's sentence and place the defendant on community supervision. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b)(West 2010); TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(a)(1)(West Supp. 2014).

On August 31, 2011, Appellant, a resident alien, pled guilty to a state jail offense of possessing less than a gram of cocaine, pursuant to a plea agreement with the State for deferred adjudication. Appellant was aided by an official court interpreter who translated the proceedings into Spanish. Appellant signed and acknowledged that before pleading guilty he had been informed in his native language of the effect his plea would have on his citizenship and immigration status, and stated that he understood all his rights and the consequences of waiving them.

During the plea proceedings, Appellant testified that he was not a citizen of the United States, and the trial court advised him that a plea of guilty and a finding of guilt for the charged offense may result in Appellant's deportation or a denial of naturalization under federal law. Appellant acknowledged that he understood that his guilty plea might affect his ability to remain in the United States. When the trial court asked if DeKoatz wished to present any *Padilla* evidence, DeKoatz stated:

> I'm well aware of the immigration problem and I really feel bad about it, Judge[.] . . . . This is a mistake that he made here. [He] consulted with an immigration lawyer in my office by the name of David Haro, who does . . . immigration law. And . . . you need a little more time than Mr. Aguilar has in the country before an

2

immigration judge can look the other way, legally. . . . So, I'm very concerned, I'm not real optimistic, but the recommendation is better than time in the pen which is always possible by the jury. So I'm very sad about this situation. . . . But we have discussed the immigration consequences at great length and I'm saddened by it and I'm not very optimistic[.]

*Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010)(defense attorneys must advise non-citizen clients about the deportation risks of a guilty plea).

After Appellant pled guilty, the trial court asked him if he was pleading guilty because he had committed the offense, to which Appellant answered, "I was drunk." The trial court permitted DeKoatz to ask Appellant whether he understood that he was at a guilty plea hearing, and Appellant acknowledged that he did. DeKoatz then advised Appellant that he did not have to plead guilty and could proceed with a jury trial, and noted that the State's plea sentencing recommendation was deferred adjudication for two years. DeKoatz explained that the trial court could accept Appellant's guilty plea if he admitted that the cocaine found in his wallet was his, but could not accept a guilty plea if the cocaine belonged to someone else or if Appellant did not know about the cocaine. DeKoatz explained:

If you say that that coke wasn't yours and somebody magically and mysteriously stuck it in your wallet that was in your pants, you tell the judge that that wasn't yours and we'll go to trial. I don't mind trying this case. I've tried hundreds of trials. Okay? So the judge is asking you whether you're pleading guilty because you are guilty and for no other reason.

Appellant then acknowledged that he was pleading guilty because he was guilty. The trial court found the evidence supported the guilty plea, deferred adjudication of Appellant's guilt, placed Appellant on two years' deferred adjudication probation, and assessed a $1,000 fine and 200 hours of community service. There is no evidence in the record that Appellant had any prior felony convictions at the time he entered his plea to the charged offense.

3

On March 21, 2012, Appellant filed his application for writ of habeas corpus alleging DeKoatz failed to advise him that if he proceeded to trial and was convicted, the charged offense of possession of cocaine under one gram carried a sentence of probation because he had no prior convictions, and failed to advise that Appellant would be deported if he pled guilty in exchange for deferred adjudication. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(a)(1)(West 2014).

In response to Appellant's allegations of ineffective assistance, DeKoatz submitted an affidavit in which he stated that he had advised Appellant that he would be deported, and also arranged for Appellant to confer with David Haro, an immigration attorney, who advised Appellant that he would be deported. According to DeKoatz, Appellant knew before he pled guilty that he would be deported. DeKoatz also stated that both he and Appellant were aware of the "probation only" punishment range.

At the writ hearing held on November 16, 2012, DeKoatz testified that his statement during the plea hearing regarding "pen time" was a mistake. DeKoatz denied, however, that Appellant thought he faced penitentiary time.

Appellant's writ counsel, James Lucas, referred to a report listing the evidence disparately as white powder believed to be cocaine, three rocks of cocaine, and a Ziploc plastic baggie containing a plastic bag containing white material. DeKoatz admitted that he had not noted the different descriptions of the substance recovered from Appellant. However, DeKoatz, did not think it was significant to his representation of Appellant. DeKoatz admitted that he did not believe a lab report had been prepared at the time of the plea, and was aware that the El Paso Police Crime Laboratory had been placed on probation.

DeKoatz did not recall investigating the chain of evidence of the cocaine, and explained

4

that while chain of custody matters are very important, if a client says he is guilty and just wants to cut the best deal possible, a determination that chain of custody should be challenged is dependent on the client's wishes. DeKoatz noted that Appellant had admitted to him that he had purchased the cocaine from someone at a bar and had asked DeKoatz to concoct a story and suborn perjury. DeKoatz testified that he informed Appellant that he could not do that.

When writ counsel asked DeKoatz if he had advised Appellant that this case was "probation only," DeKoatz responded, "I believe I did," and asked to be informed if the record indicated otherwise because, "It's been a while." He also noted that because Appellant was a first time offender, he would receive "max probation." The trial court noted that it had reviewed the plea transcript and remembered the case, and asked writ counsel to move along to specific points.

DeKoatz denied knowing that Appellant thought he faced penitentiary time, noted that he believed the plea papers "showed to the contrary," and admitted that he had no recollection of whether he informed Appellant that he had been charged with a "probation only" offense. He agreed that knowing the offense was "probation only" might influence a person's decision to go to trial or not. DeKoatz stated that he had been willing to proceed to trial in the case. DeKoatz explained that he did not inform Appellant that the State did not appear ready to try the case, and based on his discussions with Appellant, it did not appear to DeKoatz that the case would ever go to trial because Appellant did not want to go to trial. Observing that Appellant wanted to plead guilty, DeKoatz thought it was a good decision for Appellant to plead guilty despite only facing probation for a felony conviction, because the offer was reasonable, Appellant was guilty, he received deferred, and was not placed on "straight" probation. When asked the benefit of pleading, DeKoatz responded that the benefit was that they "wrapped up the case." He disagreed

5

that he should have informed Appellant, who admitted to committing the crime, that the worst sentence he could receive if convicted was probation. The court explained that writ counsel was not taking into consideration "the difference between deferred and a conviction and there is a different posture there." DeKoatz explained that the benefit of deferred adjudication is, theoretically, that one has no felony conviction on his record and may, under qualifying circumstances, file a motion to seal the record, but DeKoatz noted that for immigration purposes, deferred adjudication and straight probation are considered the same.

DeKoatz testified that he specifically told Appellant that he would be deported, sent Appellant to immigration attorney Haro, and "explained deferred," and Appellant informed DeKoatz that he wanted to accept the State's plea bargain. Whether DeKoatz looks for legal defenses depends in part on whether the client says he wants to go to trial or wants to resolve the case as quickly as possible. DeKoatz did not see a legal defense in the disparate descriptions of the cocaine. The laboratory report identifying the substance obtained from Appellant as cocaine, was admitted into evidence during the writ hearing. DeKoatz acknowledged that the laboratory report corroborated Appellant's statement to him that Appellant possessed cocaine. He also explained that it is very difficult to show a person did not have care, custody, and control of something found in the person's wallet. DeKoatz opined that a motion to suppress the cocaine would have been unsuccessful because the cocaine was discovered during the course of a search conducted incident to a lawful arrest.

The trial court denied the application for habeas relief. In its lengthy findings of fact and conclusions of law, the trial court found that Appellant benefitted in accepting the terms of the plea agreement by avoiding the risk of a felony conviction, and avoided an additional three years of

6

community supervision. In addition, the trial court found that defense attorney DeKoatz's affidavit was credible and that Appellant's affidavit testimony and the writ allegations were not credible in their entirety.

## JURISDICTION

There is no appeal from a district court's refusal to issue a writ of habeas corpus. *Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex.Crim.App. 1998). However, if the district court grants the writ, but subsequently denies relief, the writ applicant has the right to appeal, and the filing of such appeal invokes our jurisdiction. *Id*. (citations omitted). Consequently, because the trial court granted Appellant's writ but denied his requested relief, we have jurisdiction over this appeal.

Appellant brings four issues for review. In Issue One, he complains that his plea counsel rendered ineffective assistance by failing to inform him that pleading guilty to the state jail cocaine possession charge would definitely subject him to deportation or removal from the United States. In Issue Two, Appellant likewise complains that counsel's failure to advise him that there was no benefit in entering a guilty plea constituted ineffective assistance of counsel. In Issue Three, Appellant contends counsel's failure to investigate the chain of custody regarding the substance found in Appellant's wallet rendered his assistance ineffective. Finally, Appellant contends he established during the writ hearing that his guilty plea to a charge of possession of cocaine was not knowingly and intentionally made. Had counsel properly advised him, he would have chosen to go to trial to avoid certain deportation.

The State responds that Appellant's claims are contrary to the trial court's findings of facts, are not supported by the record, and are not adequately briefed. The State responds also that

7

Appellant's fourth issue is multifarious.  We address Issues One through Four together.

## INEFFECTIVE ASSISTANCE OF COUNSEL

*Standard of Review*

When reviewing a trial court's decision to grant or deny habeas relief, we apply an abuse of discretion standard.  *Ex parte Wheeler,* 203 S.W.3d 317, 323-24 (Tex.Crim.App. 2006).  We view the facts in the light most favorable to the trial court's ruling and defer to the trial court's implied factual findings that are supported by the record.  *Id*. at 325–26; *Washington v. State,* 326 S.W.3d 701, 704 (Tex.App. – Houston [1st Dist.] 2010, no pet.).  *See also Ex parte Peterson,* 117 S.W.3d 804, 819 (Tex.Crim.App. 2003)(per curiam)(reviewing courts afford almost total deference to trial court's determination of historical facts supported by the record, especially when based on an evaluation of credibility and demeanor, and if trial court does not make explicit findings, reviewing court will grant deference to implicit findings that support trial court's ruling), *overruled on other grounds by Ex parte Lewis,* 219 S.W.3d 335 (Tex.Crim.App. 2007).  To the extent the ultimate resolution of the application turns on an application of law, we review the determination *de novo.  Ex parte Peterson,* 117 S.W.3d at 819.  We will reverse the trial court's ruling only if we conclude it is arbitrary, unreasonable, and made without reference to guiding rules or principles.  *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App. 1990)(op. on reh'g).

A defendant has the right to effective assistance of counsel in guilty plea proceedings.  *Ex parte Harrington,* 310 S.W.3d 452, 458 (Tex.Crim.App. 2010).  A guilty plea must represent a voluntary and intelligent choice among the alternative courses of action open to the defendant.  *See Aguilar v. State,* 375 S.W.3d 518, 524 (Tex.App. – Houston [14th Dist.] 2012)(citations

8

omitted), *rev'd on other grounds by Aguilar v. State*, 393 S.W.3d 787 (Tex.Crim.App. 2013). "A guilty plea is not knowing or voluntary if made as a result of ineffective assistance of counsel." *Ex parte Moussazadeh,* 361 S.W.3d 684, 689 (Tex.Crim.App. 2012).

A writ applicant seeking habeas relief on the basis of ineffective assistance of counsel must prove by a preponderance of the evidence that:   (1) counsel's performance was deficient; and (2) that he was prejudiced as a result.   *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). "Specifically, when a person challenges the validity of a plea entered upon the advice of counsel, contending that his counsel was ineffective, the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty." *Ex parte Harrington,* 310 S.W.3d at 458 (quotations omitted).

The applicant must satisfy both *Strickland* components, and failure to show either deficient performance or prejudice will defeat an ineffectiveness claim.   *Perez v. State,* 310 S.W.3d 890, 893 (Tex.Crim.App. 2010), *citing Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). To establish deficient performance, the applicant must show that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms.   *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064–65.   Under the performance inquiry we consider all of the circumstances, with a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.   *Id*. at 689, 104 S.Ct. at 2065.

When the prejudice prong of *Strickland* is dispositive of the ineffective claim, we need only address that prong on appeal.   *See Seamster v. State,* 344 S.W.3d 592, 594 (Tex.App. –

Houston [14th Dist.] 2011, pet. ref'd); *My Thi Tieu v. State,* 299 S.W.3d 216, 225 (Tex.App. – Houston [14th Dist.] 2009, pet. ref'd)(it is unnecessary to determine whether trial counsel's representation was deficient if appellant cannot satisfy the second *Strickland* prong), *citing Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069-70. We review a *Strickland* prejudice claim under a *de novo* standard, giving deference to the habeas court's underlying determinations of historical fact. *Johnson v. State,* 169 S.W.3d 223, 239 (Tex.Crim.App. 2005). For example, a habeas court is free to disbelieve an applicant's self-serving testimony that he would not have pled guilty if he had been aware of the immigration consequences of his plea. *See Ex parte Moreno,* 382 S.W.3d 523, 528–29 (Tex.App. – Fort Worth 2012, pet. ref'd); *Ex parte Ali,* 368 S.W.3d 827, 840–41 (Tex.App. – Austin 2012, pet. ref'd).

Under the second prong, applicant must show that counsel's errors were so serious that they deprived applicant of a fair and reliable trial. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. In evaluating whether the alleged deficient performance of counsel prejudiced a defendant when entering a guilty plea, we consider whether the defendant has shown a reasonable probability that, but for counsel's error, he would not have pled guilty but instead would have gone to trial. *See Premo v. Moore,* 562 U.S. 115, 131 S.Ct. 733, 743, 178 L.Ed.2d 649 (2011)(noting that to establish prejudice in the context of a guilty plea, a challenger must establish the same "reasonable probability" standard set out in *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985)); *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *Perez v. State,* 310 S.W.3d 890, 893 (Tex.Crim.App. 2010)(to establish prejudice, the applicant must show a reasonable probability exists that, but for counsel's deficient performance, the result of the proceeding would have been different); *Johnson,* 169 S.W.3d at 231. "A reasonable probability is a probability sufficient to

undermine confidence in the outcome." *See Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

*Strickland* imposes a high bar that must be applied with scrupulous care, "lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve." *Premo,* 131 S.Ct. at 739–40. In determining whether a defendant would have pled guilty but for counsel's deficient advice, we consider the circumstances surrounding the plea and the gravity of the alleged failure material to that determination. *Ex parte Moody,* 991 S.W.2d 856, 858 (Tex.Crim.App. 1999). Just as importantly, a challenger must convince the court that a decision to reject the plea bargain would have been rational under the circumstances. *See Ex parte Fassi,* 388 S.W.3d 881, 887 (Tex.App. – Houston [14th Dist.] 2012, no pet.), *citing Padilla,* 559 U.S. at 371, 130 S.Ct. at 1485. This objective test turns on "what a reasonable person in the defendant's shoes would do." *See Fassi,* 388 S.W.3d at 887, *citing United States v. Smith,* 844 F.2d 203, 209 (5th Cir. l988)(per curiam).

We must determine whether appellant proved there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty, which requires proof that a decision to reject the plea bargain was rational under the circumstances. *Fassi,* 388 S.W.3d at 887, *citing Ex parte Harrington,* 310 S.W.3d at 458; *Padilla,* 559 U.S. at 371, 130 S.Ct. at 1485. We make the prejudice inquiry on a "case-by-case basis, considering the circumstances surrounding the plea and the gravity of the alleged failure." *Fassi,* 388 S.W.3d at 887-88.

## *Analysis*

Appellant, who had no prior felony convictions, was charged with a single count of possession of cocaine and entered into a negotiated plea agreement whereby he agreed to plead guilty to a state jail offense. He pled guilty pursuant to a plea agreement and was placed on

deferred adjudication probation.   As a result, Appellant presently has no final felony conviction.

The laboratory report showing that the tested substance recovered from Appellant's wallet was cocaine would have supported a conviction for possession of cocaine.   *See* TEX. HEALTH & SAFETY CODE ANN.   § 481.115(b)(West 2010); TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(a)(1)(West Supp. 2014).   If Appellant had proceeded to trial and had been found guilty, he would have been placed on community supervision under section 15(a)(1) of article 42.12 but would have a felony conviction.   *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(a)(1)(West Supp. 2014).   The federal government has the right to commence deportation proceedings against an alien convicted for possession of cocaine.   *See* 8 U.S.C.A. § 1227(a)(2)(B)(i)(any alien who at any time after admission has been convicted of a violation of any law or regulation of a State, the United States, or a foreign country relating to a controlled substance, other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable).

Under these circumstances, we conclude a decision to reject the deferred adjudication plea bargain and proceed to trial would not be rational, and a reasonable person would accept the State's offer of deferred adjudication for the entry of a guilty plea in a rational attempt to avoid a final felony conviction.   *Fassi,* 388 S.W.3d at 887, *citing Ex parte Harrington,* 310 S.W.3d at 458.   Because Appellant failed to satisfy the second prong of *Strickland*, the trial court did not abuse its discretion when it denied Appellant's requested habeas relief.    We overrule Issues One, Two, Three, and Four and affirm the judgment of the trial court.


ANN CRAWFORD McCLURE, Chief Justice

December 19, 2014

Before McClure, C.J., Rodriguez, J., and Barajas, C.J. (Senior Judge)

12

Barajas, C.J. (Senior Judge), sitting by assignment

(Do Not Publish)