

# NUMBER 13-23-00336-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE BRAYAN ALEXANDER ANDRADE MEDRANO
## A/K/A BRAYAN ALEXANDER ANDRADE MADRANO

## ON APPEAL FROM THE COUNTY COURT
## OF MAVERICK COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron**
**Memorandum Opinion by Justice Silva**

Appellant Brayan Alexander Andrade Medrano a/k/a Brayan Alexander Andrade

Madrano[1] is a noncitizen who was arrested for criminal trespass, a Class A misdemeanor,

---

[1] The record reflects various spellings of the appellant's first and last name. We defer to the spelling indicated within the criminal complaint and information.

on private property under Operation Lone Star (OLS).[2] *See* TEX. PENAL CODE ANN. § 30.05(a). Appellant filed an application for pretrial writ of habeas corpus requesting to be discharged from custody and dismissal of the underlying charge with prejudice. The trial court denied his application without conducting a hearing or issuing a writ. On appeal, appellant argues that the trial court erred by denying his application for a pretrial writ of habeas corpus. This Court lacks jurisdiction over appellant's appeal. Appellant requests, in the alternative, that we "treat his appeal as a petition for a writ of mandamus." We conclude that appellant has not met his burden to obtain mandamus relief.

## I.    BACKGROUND[3]

Appellant was arrested for criminal trespass in Maverick County, Texas. *See id.* Appellant later filed an application for pretrial writ of habeas corpus[4] seeking discharge and dismissal of the underlying charge. In his application, appellant complained that the State, in exercising its prosecutorial authority under OLS, engaged in selective prosecution by means of discriminating against appellant based on sex as evidenced by the practice of prosecuting men, but not women, for criminal trespass. The trial court

---

[2] On August 30, 2021, Governor Greg Abbott declared a state of disaster concerning border security in forty-two counties in the State of Texas. Emergency Order Regarding Indigent Defense and The Border Security State of Disaster, Misc. Dkt. No. 21-9104 (2021). On December 13, 2024, the order was renewed and its scope was expanded to sixty-four counties across Texas. Renewed Emergency Order Regarding Indigent Defense and the Border Security State of Disaster, Misc. Dkt. No. 24-9103 (2024).

[3] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer). Because this is a transfer case, we apply the precedent of the Fourth Court of Appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

[4] A defendant may seek pretrial habeas relief "only in very limited circumstances": (1) to challenge the State's power to restrain the defendant, (2) to challenge the manner of pretrial restraint, *i.e.*, the denial of bail or conditions of bail, and (3) to raise certain issues that would bar prosecution or conviction if meritorious. *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005); *see* TEX. CODE CRIM. PROC. ANN. art. 11.01.

denied appellant's application for pretrial writ of habeas corpus and refused to issue a writ, rule on the merits, or conduct an evidentiary hearing.

On June 21, 2023, approximately three months after the trial court denied appellant's application, the Fourth Court of Appeals issued its opinion in *Ex parte Aparicio*, 672 S.W. 3d 696 (Tex. App.—San Antonio 2023), *rev'd*, No. PD-0461-23, 2024 WL 4446878 (Tex. Crim. App. Oct. 9, 2024). In that case, Aparicio was a noncitizen who was arrested for criminal trespass and filed a similar application for pretrial writ of habeas corpus, arguing that the State, as part of OLS, violated his federal and state constitutional equal protection guarantees. *Id.* at 701. The trial court conducted an evidentiary hearing and denied his application on the merits, and the Fourth Court of Appeals thereafter reversed the order. *Id.* at 714–16. It held that a pretrial writ of habeas corpus would lie for such a complaint, but reversed the trial court's order denying the writ on the merits because appellant had met his burden to demonstrate a prima facia case of selective prosecution. *Id.* It further remanded the matter to the trial court to determine whether the State met its burden to establish a justification for the discriminatory treatment. *Id.*

The Texas Court of Criminal Appeals granted the State's petition for discretionary review and upheld the Fourth Court's determination that the complaint was reviewable on a pre-trial writ of habeas corpus, but reversed the appellate court's holding that the appellant met his burden to demonstrate a prima facie case of selective prosecution based on sex. *Ex parte Aparicio*, No. PD-0461-23, 2024 WL 4446878, at *14 (Tex. Crim. App. Oct. 9, 2024), *petition for cert. docketed* (3 Dec. 2024) (No. 24-6057). The Texas Court of Criminal Appeals accordingly reversed the intermediate court and affirmed the trial court's denial of Aparicio's application for pretrial writ of habeas corpus.

3

Appellant filed his notice of appeal on April 13, 2023, appealing the trial court's March 15, 2023 order denying his application for pretrial writ of habeas corpus and refusing to issue the writ. In his appeal, appellant relies on the Fourth Court of Appeals's decision in *Aparicio* to argue that he was deprived of his state and federal constitutional equal protection guarantees. *See* U.S. CONST. amend. XIV; TEX. CONST. art. I, § 3(a). Appellant seeks reversal of the trial court's order denying his application for pretrial writ of habeas corpus. In the alternative, he requests that if we determine that we do not have jurisdiction over his appeal, we construe his appeal as a petition for a writ of mandamus and direct the trial court to issue the pretrial writ of habeas corpus and rule on the merits of appellant's application.

## II.    APPELLATE JURISDICTION

First, we address the threshold issue of whether this Court has jurisdiction over the appellant's appeal. "The appealability of a habeas proceeding turns not upon the nature of the claim but upon the use of the procedure itself and the trial court's decision to consider the claim (i.e. 'issue the writ')." *Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 650 (Tex. Crim. App. 2005). When the trial court refuses to issue a writ or denies an applicant a hearing on the merits of the claims, there is no right to appeal. *Ex parte Villanueva*, 252 S.W.3d 391, 394 (Tex. Crim. App. 2008). If a trial court denies relief on the merits for a pretrial writ of habeas corpus, the defendant may file an interlocutory appeal. *Ward v. State*, 662 S.W.3d 415, 416 (Tex. Crim. App. 2020).

The Fourth Court of Appeals recognizes that "[t]here is no right to an appeal when a trial court refuses to issue a habeas writ or dismisses or denies a habeas application without ruling on the merits of the applicant's claims." *Ex parte Molina Valencia*, No. 04-

4

23-01044-CR, 2024 WL 1642923, at *1 (Tex. App.—San Antonio April 17, 2024, no pet.) (en banc) (citing *Ex parte Villanueva*, 252 S.W.3d at 394); *see also Ex parte Vazquez Perez*, No. 04-23-00432-CR, 2024 WL 4498000, at *2 (Tex. App.—San Antonio Oct. 16, 2024, no pet.) (per curiam) (mem. op., not designated for publication); *Ex parte Rojas*, No. 04-23-00456-CR, 2024 WL 3349098, at *1 (Tex. App.—San Antonio July 10, 2024, no pet.) (per curiam) (mem. op., not designated for publication). In making a merits-based decision on an application for a writ of habeas corpus, a trial court generally issues the writ, then considers evidence to determine whether the applicant's claims have merit and whether the requested relief should be granted. *See State v. Lara*, 924 S.W.2d 198, 203 (Tex. App.—Corpus Christi 1996, no pet.) (*citing Ex parte Noe*, 646 S.W.2d 230, 231 (Tex. Crim. App. 1983)); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.01 ("The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty. It is an order issued by a court or judge of competent jurisdiction, directed to any one having a person in his custody, or under his restraint, commanding him to produce such person, at a time and place named in the writ, and show why he is held in custody or under restraint.").

A trial court may issue a merits-based ruling denying an application for pretrial writ of habeas corpus without formally issuing a writ or conducting an evidentiary hearing; however, it does so only when the record reflects that the trial court made a merits-based decision. *See Ex parte Villanueva*, 252 S.W.3d at 395 (recognizing that even when the trial court has not formally issued a writ, if the court rules on the merits, the court has "in effect, issued the writ"); *see also Ex parte Cayetano-Vazquez*, No. 08-23-00196-CR, 2023 WL 8609282, at *4 (Tex. App.—El Paso Dec. 12, 2023, no pet.) (mem. op., not designated for publication) (recognizing that a trial court may issue a merits-based decision despite

not following the typical procedure of formally issuing a writ and conducting a hearing, if the record demonstrates that it ruled on the merits of the application).

Here, the order on the appellant's application for pretrial writ of habeas corpus states that "the Application is denied and the Writ will not issue." Appellant argues that the trial court issued a merits-based ruling in its order denying his application for pretrial writ of habeas corpus, despite the fact that the trial court did not issue a writ and did not conduct an evidentiary hearing. The Fourth Court of Appeals has previously held that substantially similar language to the language found in the trial court's order in the instant case does not suggest a ruling on the merits. *See Ex parte Gonzalez Delgadillo*, No. 04-23-00690-CR, 2024 WL 3512167, at *1 (Tex. App.—San Antonio July 24, 2024, no pet.) (mem. op., not designated for publication); *In re Saravia-Bonilla*, No. 04-23-00637-CR, 2023 WL 6850595, at *2 (Tex. App.—San Antonio Oct. 18, 2023, no pet.) (mem. op., not designated for publication); *Ex parte Molina Valencia*, 2024 WL 1642923, at *2; *In re Martinez-Jimenez*, No. 04-23-00547-CR, 2023 WL 7005866, at *2 (Tex. App.—San Antonio Oct. 25, 2023, orig. proceeding) (mem. op., not designated for publication); *In re Lara Belmontes*, 675 S.W.3d 113, 115 (Tex. App.—San Antonio 2023, orig. proceeding). Further, the trial court did not select the option to grant the application and conduct a hearing, nor the option to grant the application and review the merits. Thus, neither the order nor the appellate record reflect a merits-based ruling on appellant's application.

We therefore conclude that we lack jurisdiction over the appeal. *See Ex parte Villanueva*, 252 S.W.3d at 394 (recognizing that a losing party may appeal from the denial of a writ of habeas corpus only when "there is a hearing held on the applicant's claims and there is a ruling on the merits of the claims"); *see also Ex parte Molina Valencia*, 2024

6

WL 1642923, at *2 (finding nothing in the record to suggest that the trial court considered the merits of the defendant's habeas application, where trial court did not issue a writ, hold a hearing, or indicate in its order that it was ruling on the merits of the application).

### III. REQUEST TO CONSTRUE HABEAS APPEAL AS MANDAMUS PETITION

We next consider appellant's alternative request to construe his appeal as a petition for a writ of mandamus. When a trial court refuses to issue a writ or denies an applicant a hearing on the merits, an applicant has two remedies: first, to present the application to another trial court judge with jurisdiction, or second, to file an application for a writ of mandamus. *Ex parte Villanueva*, 252 S.W.3d at 394. An appellate court may, in certain circumstances, treat an appeal from the denial of a pretrial writ of habeas corpus application as a petition for writ of mandamus. *See In re Commitment of Renshaw*, 672 S.W.3d 427–28 (Tex. 2023) (orig. proceeding) (per curiam) (recognizing that an appellate court may treat a petition for a writ of habeas corpus as a petition for a writ of mandamus when the petitioner asks the court to do so, and that appellate courts have broad original jurisdiction to issue writs of mandamus pursuant to TEX. GOV'T CODE ANN. § 22.221(b)); *see also Ex parte Molina Valencia*, 2024 WL 1642923, at *2 (citing *CMH Homes v. Perez*, 340 S.W.3d 444, 452–54 (Tex. 2011)); *see also* TEX. GOV'T CODE ANN. § 22.221(b) (providing courts of appeals with broad original jurisdiction to issue writs of mandamus). "[T]o do so, the party seeking appellate review must specifically request that its appeal be treated as a mandamus petition." *Hodge v. Kraft*, 490 S.W.3d 510, 516 n.2 (Tex. App.—San Antonio 2015, no pet.) (citing *CMH Homes*, 340 S.W.3d at 452–53).

In a criminal case, to be entitled to mandamus relief, the appellant must establish both that the act sought to be compelled is a ministerial act not involving a discretionary

7

or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the appellant fails to meet both requirements, then the petition for writ of mandamus should be denied. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is the appellant's burden to properly request and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding). This burden includes providing a sufficient record to establish the right to mandamus relief. *In re Schreck*, 642 S.W.3d 925, 927 (Tex. App.—Amarillo 2022, orig. proceeding).

"To satisfy the ministerial-act requirement, the relief sought must be clear and indisputable such that its merits are beyond dispute and there is nothing left to the exercise of discretion or judgment." *In re City of Lubbock*, 666 S.W.3d 546, 553 (Tex. Crim. App. 2023) (citing *In re State ex rel. Weeks*, 391 S.W.3d 117, 123 (Tex. Crim. App. 2013)). Further, "[a] clear right to relief is shown when the facts and circumstances dictate but one decision 'under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.'" *Id.* (quoting *Bowen v. Carnes*, 343 S.W.3d 805, 810 (Tex. Crim. App. 2011)). In other words, "an act may be regarded as ministerial when the facts are undisputed and, given those undisputed facts, the law clearly spells out the duty to be performed . . . with such certainty that nothing is left to the exercise of discretion or judgment." *State ex rel. Young*, 236 S.W.3d at 210 n.8 (citing *State ex rel. Healey v. McMeans*, 884 S.W.2d 772, 774 (Tex.

8

Crim. App. 1994)) (internal quotations omitted). "Mandamus relief is inappropriate if the law surrounding the court's action is unclear." *State ex rel. Wice v. Fifth Judicial Dist. Court of Appeals*, 581 S.W.3d 189, 194 (Tex. Crim. App. 2018) (citing *In re Medina*, 475 S.W.3d 291, 298 (Tex. Crim. App. 2015)); *see also Ex parte Molina Valencia*, 2024 WL 1642923, at *3. "Mandamus will not lie to compel the trial court to rule a certain way on an uncertain and unsettled issue the resolution of which involved a fair amount of discretion." *State ex rel. Young*, 236 S.W. 3d at 210 (quoting *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 199 n.3 (Tex. Crim. App. 2003)) (internal quotations omitted).

A trial court has a duty to issue a writ and rule on the merits of a pretrial habeas application that has been properly filed with the court, unless it is "manifest from the application itself . . . that the applicant is not entitled to any relief." TEX. CODE CRIM. PROC. ANN. art. 11.15; *see* TEX. CODE CRIM. PROC. ANN. art. 11.05 (imposing duty on certain courts, when a proper application for a habeas writ has been filed, "to issue the writ under the rules prescribed by law"). If a claim is not cognizable in a pretrial habeas application, however, the claim is not a "proper ground[ ] for habeas corpus relief." *Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex. Crim. App. 1998); *see Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010) ("[W]hether a claim is even cognizable on pretrial habeas is a threshold issue that should be addressed before the merits of the claim may be resolved."). Thus, if a pretrial habeas application asserts only claims that are not cognizable, it is "manifest from the application itself . . . that the applicant is not entitled to any relief," and the trial court has discretion to refuse to issue a writ. TEX. CODE CRIM. PROC. ANN. art. 11.15; *see McCullough*, 966 S.W.2d at 531.

9

Here, appellant seeks an order compelling the trial court to issue the pretrial writ of habeas corpus and rule on the merits of his application. Appellant acknowledges in his brief that that a trial court does not have the ministerial duty to issue a pretrial habeas writ or rule on the merits of appellant's claim where it is "manifest from the application itself, or some documents annexed to it, that the applicant is not entitled to any relief." However, he asserts that *Aparicio* resolves any doubt as to whether appellant has a clear right to the relief sought because that case established that his selective prosecution claim was cognizable as a pretrial habeas corpus claim. He further argues that even before *Aparicio*, no reasonable jurist could find that his claim was "utterly without merit."

At the time the trial court issued its order denying appellant's application, however, the law was unclear as to whether a claim of selective prosecution or enforcement in violation of equal protection guarantees was cognizable on a pretrial application for writ of habeas corpus. Prior to the Fourth Court of Appeals's opinion in *Aparicio*, an appellant that was charged with criminal trespass under OLS and claimed selective prosecution in violation of equal protection was not entitled to mandamus relief where a trial court denied his application for pretrial writ of habeas corpus because the law was not unequivocal or well-settled at the time. *See State ex rel. Young*, 236 S.W.3d at 210; *see Lubbock*, 666 S.W.3d at 567 (Keller, P.J., concurring) ("In most criminal cases, the extraordinary mechanism of mandamus (or prohibition) will not be available to resolve unsettled law."); *see also In re Cordova-Morales*, No. 08-23-00206-CR, 2024 WL 3593912, at *4 (Tex. App.—El Paso July 30, 2024, no pet.) (citing *Ex parte Molina Valencia*, 2024 WL 1642923, at *4). Thus, although *Aparicio* established that a selective prosecution claim is

10

cognizable in a pretrial habeas proceeding, that opinion was not available to the trial court to inform its decision in this case.[5] *See Aparicio*, 672 S.W.3d at 709–13.

Because we conclude that this Court lacks jurisdiction to consider appellant's appeal, we agree that he has no adequate remedy at law to address the trial court's order denying his application. However, we find that he did not satisfy the ministerial-act requirement because the law was unsettled at the time of the denial of his writ application with respect to whether a claim to sex-based selective prosecution or enforcement was cognizable. *See State ex rel. Young,* 236 S.W.3d at 210–11; *see also Ex parte Molina Valencia*, 2024 WL 1642923, at *4. Therefore, we deny appellant's application for writ of mandamus. TEX. R. APP. P. 52.8(a) ("If the court determines from the petition and any response and reply that the relator is not entitled to the relief sought, the court must deny the petition.").

## IV. CONCLUSION

Because the trial court did not make a merits-based ruling on appellant's application for pretrial writ of habeas corpus, we lack jurisdiction to review his habeas appeal. We therefore dismiss his appeal for want of jurisdiction and, at the appellant's request, treat his appeal as a petition for writ of mandamus. Finally, we deny without

---

[5] The Fourth Court of Appeals has routinely denied mandamus relief where a trial court refused to issue a writ on appellant's application for pretrial writ of habeas corpus petition *before* the Fourth Court's decision in *Aparicio. See Ex parte Madrigal Alvarado*, No. 04-23-00461-CR, 2024 WL 3347548, at *2 (Tex. App.—San Antonio July 10, 2024, no pet.) (mem. op., not designated for publication); *Ex parte Geronimo de Dios*, No. 04-23-00460-CR, 2024 WL 3347563, at *2 (Tex. App.—San Antonio July 10, 2024, no pet.) (mem. op., not designated for publication); *Ex parte Ramos Santiago*, No. 04-23-00455-CR, 2024 WL 3347592, at *2 (Tex. App.—San Antonio July 10, 2024, no pet.) (mem. op., not designated for publication); *Ex parte Reyes-Alvarado*, No. 04-23-00506-CR, 2024 WL 3347604, at *2 (Tex. App.—San Antonio July 10, 2024, no pet.) (mem. op., not designated for publication).

By contrast, where a trial court denied an appellant's pretrial writ of habeas corpus *after* the decision in *Aparicio*, and so would have had the benefit of that opinion, the Fourth Court of Appeals has granted the mandamus petition. *See Ex parte Gonzalez Delgadillo*, No. 04-23-00690-CR, 2024 WL 3512167, at *4–5 (Tex. App.—San Antonio July 24, 2024, no pet.) (mem. op., not designated for publication).

11

prejudice appellant's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a). Any pending motions are dismissed as moot.

> CLARISSA SILVA
> Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
6th day of March, 2025.